DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Harriet Andamasaris, appeals from a decision of the Summit County Court of Common Pleas, which granted summary judgment to Appellee, the Annunciation Greek Orthodox Church of Akron ("Church"). We affirm.
 I. {¶ 2} While attending a wedding at the Church's banquet facility, Ms. Andamasaris slipped, fell and broke her leg. Ms. Andamasaris claims this was no mere accident, but an injury put upon her by the Church through negligence so severe as to make the Church liable for all the damages she sustained in the fall. The Church contends that Ms. Andamasaris' fall was an unfortunate accident, whereby they are not liable, but does not dispute the material facts.
 {¶ 3} Ms. Andamasaris was seated with friends and family at the reception. While on her way to the restroom, Ms. Andamasaris passed between the dance floor and the bar, where she stepped in some liquid, slipped and fell. Ms. Andamasaris did not see the liquid on the floor, but she has provided the affidavits of three witnesses who did see the liquid. These three affidavits are almost identical in form and language, with only minor deviations in substance, and essentially attest that although no one saw an actual spill occur nor any cup or ice discarded on the floor, the area was wet from the spilling of beverages being carried from the bar and had been wet for most of the evening.
 {¶ 4} One affiant stated explicitly that she had seen the liquid on the floor for 45 minutes to an hour before Ms. Andamasaris slipped. Generally, each affiant testified that she had made separate trips through the area during the course of the evening and each time noticed that it was wet. None of these affiants suggest that, prior to Ms. Andamasaris' fall, they or anyone else deemed this wet condition a hazard. None expressed any apprehension about passing through the area, or that they or anyone else had slipped, fallen or complained. Rather, they clearly stated that they had readily and unequivocally observed the liquid on the floor each time they passed through the area, despite some poor lighting.
 {¶ 5} None of these witnesses suggest that they informed anyone from the Church of the wet conditions, but they do each insist that no one from the Church was seen cleaning up any of this liquid at any time. Although each of these three affiants had been seated with Ms. Andamasaris (two were her friends and the third her daughter), none attest that they warned Ms. Andamasaris of the wet floor when she set off for the restroom, nor did they warn anyone else, apparently.
 {¶ 6} In contrast to her affiants' assertions, during her deposition testimony, Ms. Andamasaris explained that she had neither seen anyone spilling any drinks, nor had she seen any liquids on the floor during the evening. She also confessed that, although her view was unobstructed, she had not been looking where she was walking, but had been focused on the rest room. Therefore, Ms. Andamasaris did not know what liquid she had slipped in, the size of any puddle, the exact location, how long it had been there, or if anyone from the Church had been aware of it. In fact, she only believed it to be liquid because her dress was wet after the fall.
 {¶ 7} Ms. Andamasaris filed a negligence claim in the Summit County Court of Common Pleas. The Church answered and subsequently filed a motion for summary judgment on the basis that the above account of the accident provided no genuine dispute of material fact and they were entitled to judgment as a matter of law. The trial court granted the summary judgment motion and Ms. Andamasaris timely appealed, asserting a single assignment of error for review.
 II. Assignment of Error
"The trial court erred by weighing the facts in this case, rather than simply determining whether a genuine issue of material fact existed for purposes of ruling upon a motion for summary judgment."
 {¶ 8} Ms. Andamasaris alleges that the trial court improperly granted summary judgment to the Church, insisting that a material fact remains in dispute. Specifically, Ms. Andamasaris argues that a dispute remains as to whether the facts and circumstances of her fall come together to impose upon the Church a duty of care for her safety and resulting liability for her fall. We disagree.
 {¶ 9} An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Norris v. Ohio Std. Oil Co. (1982),70 Ohio St.2d 1, 2. Summary judgment is proper if: (1) there exists no genuine dispute of any material fact; (2) the issue is therefore a matter of law; and (3) reasonable minds could come to but one conclusion, that being in favor of the moving party and adverse to the non-moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 10} Upon moving for summary judgment, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of a genuine issue of material fact as to some essential element of the non-moving party's claim. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. To support the motion, such evidence must be present in the record and of the type listed in Civ.R. 56(C). Id. Once the moving party's burden has been satisfied, the burden shifts to the nonmoving party, as set forth in Civ.R. 56(E). Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material to demonstrate a genuine dispute over the material facts. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 11} To overcome summary judgment on a claim of negligence, a plaintiff must show a duty, and breach of that duty as the direct and proximate cause of an injury. Chambers v. St. Mary's School (1998),82 Ohio St.3d 563, 565. Whether a duty exists is a question of law for the court. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. Ms. Andamasaris claims that the Church was negligent, in that it failed its duty as the premises owner to protect her against the harm arising from the wet floor. The Church moved for summary judgment on the basis that that they have no such duty in this case.
 {¶ 12} This case implicates two separate but interrelated doctrines regarding a premises owner's duty: the business invitee doctrine and the open and obvious conditions doctrine. See Johnson v. Wagner Provision Co.
(1943), 141 Ohio St. 584, at paragraph one of the syllabus (expressing that a premises owner owes a duty of ordinary care to a business invitee for hazardous conditions on the property); Armstrong v. Best Buy Co.,99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 11 (holding that, absent some latent or hidden defect, the status of a condition as open and obvious is question of duty properly determined by the court). In such a case, the jury is not presented the question of duty; the court sets forth the duty and the jury is charged with deciding whether the plaintiff was a business invitee, whether the premises owner violated the stated duty, whether such violation proximately caused harm to the invitee, and the damages corresponding to such harm. 1 Ohio Jury Instructions (2004), Section 13.03(8), at 178.
 {¶ 13} It is undisputed that Ms. Andamasaris was a business invitee. In general, an owner or occupier of premises owes a business invitee a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily or unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203. However, premises owners "are not insurers against all accidents and injuries to such patrons," S.S. Kresge Co. v.Fader (1927), 116 Ohio St. 718, paragraph one of the syllabus, and the mere fact that an invitee falls while on the premises does not give rise to a presumption of negligence. Parras v. Std. Oil Co. (1953),160 Ohio St. 315, paragraph one of the syllabus.
 {¶ 14} Notably, the essence of this duty presupposes a concealed, unforeseeable or latent condition; one which a reasonable person would not ordinarily expect to encounter or guard against. Accordingly, Ohio's model jury instructions state:
"DUTY. The owner of the premises owes a duty to an invitee to use ordinary care for the invitee's safety, and to keep the premises in a reasonably safe condition (and to use ordinary care to provide notice of any concealed dangers of which the owner of the premises has knowledge, or which by using ordinary care should have been discovered)." (Emphasis added.) 1 Ohio Jury Instructions (2004), Section 13.03(3), at 176.
An owner is under no duty to protect its customers from dangers known to the customer, or otherwise so obvious and apparent that a customer should reasonably be expected to discover them and protect herself from them. Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus; 1 Ohio Jury Instructions (2004), Section 13.03(4), at 177.
 {¶ 15} The rationale behind this open and obvious doctrine is that the open and obvious nature of the hazard itself serves as a warning, and allows the owner to expect visitors to discover the danger and take appropriate actions to protect themselves. Simmers v. Bentley Constr. Co.
(1992), 64 Ohio St.3d 642, 644. Where a condition is patent or obvious, the invitee is expected to protect herself, unless the condition is unreasonably hazardous. See Armstrong at ¶ 5. The presence of wet floors is not such an unreasonably hazardous condition, but rather, it is a frequently encountered condition that a reasonable person would be expected to recognize and exercise caution to protect herself from harm. See Parras, 160 Ohio St. at 318-19; Paschal, 18 Ohio St.3d at 203-04.
 {¶ 16} In the present case, Ms. Andamasaris produced affidavits from three witnesses, each of whom insisted that the wet floor was evident throughout the evening, and that they had traversed this area multiple times. Far from being an unexpected or unforeseeable hazard, each of the three affiants also inferred logically that, even though none had seen any actual spilling occur or any cups or ice indicative of a spill, the liquid on the floor must have been from the spilling of drinks being carried from the nearby bar to the adjacent dance floor. Although the room was darkened, the others spotted the liquid. Ms. Andamasaris did not cite this darkness as an attendant circumstance; rather, she conceded that her view was not obstructed and she merely failed to look where she was walking. Thus, Ms. Andamasaris is alone among her witnesses in failing to observe this wet condition, and by her own admission, this was due to her own inattentiveness. Simply put, the fact that she stepped in an obvious wet spot because she was not looking makes it irrelevant whether the liquid had been on the floor for 45 minutes or 45 seconds, she would have slipped and fallen either way.
 {¶ 17} By her own account, Ms. Andamasaris suffered an unfortunate accident. She stepped in some liquid, slipped, fell and broke her leg. Under the conditions presented, we find that this liquid was not such an unreasonably hazardous condition that it would impose a duty of care on the Church as the premises owner. See Parras, 160 Ohio St. at 318-19;Paschal, 18 Ohio St.3d at 203-04. Similarly, as a matter of law, the open and obvious nature of the liquid obviates a duty. See Armstrong at ¶ 14. We cannot conclude that the trial court erred in granting summary judgment. Ms. Andamasaris' assignment of error is overruled.
 III. {¶ 18} Ms. Andamasaris' sole assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Whitmore, J., concur.