DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Bethel and Robert Marock, appeal the judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, Barberton Liedertafel and Liedertafel Damen Skektion Kranken Unterstuetzungs Verein, Inc., on appellants' complaint. This Court reverses.
 I. {¶ 2} Appellants are husband and wife. On February 7, 2005, appellants filed a complaint, alleging that appellees negligently failed to maintain their premises in a safe condition and that, as a result, appellant Bethel Marock suffered personal injuries and appellant Robert Marock suffered a loss of consortium. Appellees answered, asserting general denials to the claims.
 {¶ 3} On January 17, 2006, appellees filed a motion for summary judgment. Appellants responded in opposition, and appellees filed a reply. On February 17, 2006, the trial court filed an order granting summary judgment in favor of appellees, finding that the case of beer bottles over which Mrs. Marock tripped and fell was open and obvious, thereby obviating any duty owed by appellees to appellants. Appellants timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY GRANTING APPELLEES' MOTION FOR SUMMARY JUDGMENT[.]"
 {¶ 4} Appellants argue that the trial court erred by granting summary judgment in favor of appellees, because a genuine issue of material fact exists as to whether attendant circumstances existed to distract Mrs. Marock and reduce the degree of care that an ordinary person would use under the circumstances. This Court agrees.
 {¶ 5} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 6} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 7} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v.Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 8} To prevail on a claim of negligence, appellants must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty. Menifee v.Ohio Welding Prod., Inc. (1984), 15 Ohio St.3d 75, 77. Whether or not a duty exists is a question of law. Williams v. Garcias
(Feb. 7, 2001), 9th Dist. No. 20053.
 {¶ 9} Mrs. Marock alleges that she fell while returning to her table at appellees' social club after emptying an ashtray into a waste basket behind the bar. One witness testified that appellant tripped over a bar stool which was located on the right as appellant passed on her way to her table. Mrs. Marock testified in her deposition, however, that her left foot or ankle hit something and she fell.
 {¶ 10} No other person directly witnessed Mrs. Marock's fall from the perspective that he or she could identify the object over which appellant tripped. Beth Ann Forst, a club patron, averred in an affidavit, however, that she saw appellant fall. She further averred that she then went to appellant's aid and "saw a beer case full of empty bottles positioned in such a way that it was apparent to me [that appellant] had fallen due to tripping over the case." Mr. Marock testified in his deposition that, when he came to his wife's aid after her fall, he saw her lying atop a case of empty beer bottles. The trial court accepted as true the allegation that Mrs. Marock sustained her injuries as a result of her tripping over a case of beer left in the narrow walkway between the bar and her seating area.
 {¶ 11} Mrs. Marock fell in appellees' social club. Accordingly, at the time of her fall, she was a business invitee on the property. The Ohio Supreme Court has stated:
"A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." (Internal citations omitted.) Paschal v. Rite AidPharmacy, Inc. (1985), 18 Ohio St.3d 203, 203-204.
The Ohio Supreme Court also held, however, that an individual "is not, as a matter of law, required to look constantly downward under all circumstances even where she has prior knowledge of a potential hazard." Grossnickle v. Germantown (1965),3 Ohio St.2d 96, paragraph two of the syllabus.
 {¶ 12} In Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13, the Supreme Court reiterated the viability of the open and obvious doctrine. "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Id. at syllabus.
 {¶ 13} Appellants argue that there is evidence to demonstrate that attendant circumstances existed which distracted Mrs. Marock, so that appellee might still be liable for her injuries sustained after her fall. Although this Court has discussed the concept of attendant circumstances, we have never defined the term. See, e.g., Andamasaris v. Annunciation Greek OrthodoxChurch, 9th Dist. No. 22191, 2005-Ohio-475. Other district courts, however, have addressed the concept in greater detail:
"However, the question of whether something is open and obvious cannot always be decided as a matter of law simply because it may have been visible. Rather, the `attendant circumstances' of a slip and fall may create a material issue of fact as to whether the danger was open and obvious. Attendant circumstances include any distraction that would divert the attention of a pedestrian in the same circumstances and thereby reduce the amount of care an ordinary person would exercise. In short, attendant circumstances are all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event. (Internal citations omitted.) Hudspath v. The Cafaro Co., 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, at ¶ 19.
 {¶ 14} The Twelfth District accorded the concept even greater significance, holding:
"Attendant circumstances are an exception to the open and obvious doctrine. They involve distractions that would come to the [appellant's] attention under the same circumstances and reduce the degree of care an ordinary person would exercise at the time. The attendant circumstances must divert the attention of the [appellant], significantly enhance the danger of the defect, and contribute to the fall." Isaacs v. Meijer, Inc.,
12th Dist. No. CA2005-10-098, 2006-Ohio-1439, at ¶ 16.
Under this approach, the existence of attendant circumstances would serve effectively to reimpose a duty, where the original hazard was open and obvious. This Court here clarifies our position and breaks with the other district courts which find attendant circumstances to be an exception to the open and obvious doctrine. Rather, this Court adopts the view that the consideration of attendant circumstances is merely a generalized version of the reasonableness test subsumed by the open and obvious doctrine. Therefore, the issue before us is whether, considering the totality of the circumstances, a genuine issue of material fact exists regarding whether a reasonable person would have discovered the case of empty beer bottles against the wall, i.e. whether that hazard was open and obvious. This Court answers this question in the affirmative.
 {¶ 15} Appellant argues that attendant circumstances limited her ability to see the case of beer bottles on the floor in the narrow walkway. Specifically, Mrs. Marock averred in her affidavit that at the time she fell, there were "numerous sounds, people and movement all around the bar which distracted my attention."
 {¶ 16} Gloria Jean Frost, appellees' financial secretary, testified at deposition that there are four televisions in the bar, and that one television hangs on the left side of the bar. Mrs. Marock testified during her deposition that she emptied the ashtray around that end of the bar, so that she necessarily had to walk by the television which hung just over her head.
 {¶ 17} Lucinda Schoonover, a barmaid on duty on the night of appellant's fall, and Mr. and Mrs. Marock all testified that the incident occurred during happy hour, when the club was very busy. All three testified that patrons were engaged in various loud activities such as visiting with one another and singing; that the numerous televisions were on; and that patrons were engaged in various activities like dancing and playing pool and video games.
 {¶ 18} Mr. Marock testified that the area through which his wife was walking when she fell was "basically" completely dark, with no lights at all. Mrs. Marock testified that there was typical bar lighting in the club, but with no lighting in the floor area where the barmaids stored cases of empty beer bottles.
 {¶ 19} While this Court does not find attendant circumstances to substantiate an exception to the open and obvious doctrine, we find that the totality of the circumstances give rise to a question of fact regarding whether Mrs. Marock was reasonable in failing to discover the hazard, i.e., whether the hazard was open and obvious. Specifically, there was evidence of the storage of a beer case in a narrow walkway where club policy dictated no cases be stored, of the contrast between the lack of lighting in the area and the glare of an overhead television screen, and of the noise and movement of numerous people crowded into appellees' club for happy hour. While the trier of fact may ultimately find that Mrs. Marock was reasonably expected to discover the case of empty beer bottles and avoid the hazard, this Court finds that such factual determination must be resolved in appellants' favor at this stage. Accordingly, this Court finds that a genuine issue of material fact exists so that appellees are not entitled to judgment as a matter of law. The trial court, therefore, erred by granting summary judgment in favor of appellees. Appellants' assignment of error is sustained.
 III. {¶ 20} Appellants' assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Moore, J. concurs