{¶ 21} I concur in judgment but would decide this case on the basis of the "two-inch rule" enunciated in Kimball v. Cincinnati (1953),160 Ohio St. 370, and clarified by Cash v. Cincinnati (1981), 66 Ohio St.2d 319, finding that the difference in elevation in the asphalt was insubstantial as a matter law and that consideration of the totality of the circumstances indicates nothing which would render the defect substantial and prevent a reasonable person from assuring her own safety.
 {¶ 22} I write separately because I believe that the majority confuses the concept of "attendant circumstances" within the context of the open and obvious doctrine and the "two-inch rule." The open and obvious doctrine negates others on the premises because of the apparent *Page 9 
nature of the hazard. See Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, at syllabus. The "two-inch rule," on the other hand, absolves municipalities from liability in negligence as a matter of law where deviations in pavement height constitute expected and slight defects. See Kimball, 160 Ohio St. at 373-74. The open and obvious doctrine is antithetical to an analysis under the "two-inch rule." Nevertheless, the majority analyzes the existence of attendant circumstances, which might rebut the insubstantiality of a defect in the asphalt, from the perspective of an open and obvious analysis.
 {¶ 23} Moreover, this Court has rejected the concept of attendant circumstances as an exception to the open and obvious doctrine. SeeMarock v. Barberton Liedertafel, 9th Dist. No. 23111, 2006-Ohio-5423, at ¶ 14. Rather, a consideration of "attendant circumstances" has been subsumed within an analysis of the totality of the circumstances. Id. I believe that in considering the totality of the circumstances in this case, no genuine issue of material fact exists regarding whether the circumstances were such as to rebut the presumption that the defect in the asphalt was insubstantial, thereby negating liability for negligence as a matter of law. Accordingly, I would affirm the trial court's granting of summary judgment in favor of Appellees. *Page 1