[Cite as *Neura v. Goodwill*, 2012-Ohio-2351.]

STATE OF OHIO      )                        IN THE COURT OF APPEALS
                            )ss:                   NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA    )

MARLENE NEURA                         C.A. No.       11CA0052-M

       Appellant

       v.                                  APPEAL FROM JUDGMENT
                                       ENTERED IN THE
GOODWILL INDUSTRIES, et al.        COURT OF COMMON PLEAS
                                       COUNTY OF MEDINA, OHIO
       Appellees                 CASE No.     10CIV0520

DECISION AND JOURNAL ENTRY

Dated: May 29, 2012

---

BELFANCE, Judge.

{¶1}   Plaintiff-Appellant Marlene Neura appeals the trial court granting summary judgment to the defendants in her negligence action. For the reasons set forth below, we reverse.

I.

{¶2}   Mrs. Neura loaded up her shopping cart at the Goodwill store in the Hickory Ridge Shopping Center. She exited the store and rolled her cart down a ramp to the parking lot. At the bottom of the ramp, the cart struck a ridge in the concrete, causing it to stop suddenly and tip over. Mrs. Neura, believing she could keep the cart from falling, held on, but she and the cart both fell over.

{¶3}   Mrs. Neura filed a complaint against Goodwill Industries, The Goodwill Industries of Akron, Ohio, Inc., Paran Management Company, and Hickory Ridge Limited Partnership. She alleged that they had been negligent in maintaining the ramp and in warning her about the dangerous condition. Following depositions, the defendants all moved for

summary judgment. The trial court granted the defendants' motions, determining that they did not have a duty to warn Mrs. Neura about the crack because the defect was both open and obvious and trivial.

{¶4} Mrs. Neura has appealed, raising two assignments of error for our review. Because her assignments of error are interrelated, we address them together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHEN IT RULED THAT THE OBSTRUCTION WAS BOTH OPEN AND OBVIOUS AND TRIVIAL AND THEREFORE, THE APPELLEES HAD NO DUTY TO WARN APPELLANT.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT RULING THAT NO ATTENDANT CIRCUMSTANCES EXISTED THAT WOULD HAVE INTERFERED WITH MARLENE NEURA'S ABILITY TO OBSERVE THE ALLEGED DEFECT IN THE RAMP.

{¶5} Mrs. Neura argues that the defendants were not entitled to summary judgment because the defect in the ramp was not open and obvious and because the crack was not a trivial defect as a matter of law.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011-Ohio-1519, ¶ 8.

{¶7} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from

the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the non-moving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶8} In order to prevail on a claim of negligence, a plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).

**Open and Obvious**

{¶9} It is well established that businesses owe invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *See Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985). However, "a shopkeeper is under no duty to protect business invitees from dangers 'which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.'" *Id.* at 203-204, quoting *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968), paragraph one of the syllabus.

{¶10} The rationale behind the open and obvious doctrine is "'that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate

measures to protect themselves.'" *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992). "When applicable, * * * the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Armstrong* at ¶ 5. However, the Ohio Supreme Court has also recognized that, while pedestrians have a "duty to use care reasonably proportioned to the danger likely to be encountered[,]" they are "not, as a matter of law, required to look constantly downward under all circumstances even where [they have] prior knowledge of a potential hazard." *Grossnickle v. Germantown*, 3 Ohio St.2d 96 (1965), paragraph two of the syllabus; *see also Griffin v. Cincinnati*, 162 Ohio St. 232, 238 (1954) ("A pedestrian is required to use his senses to avoid injury while walking on a sidewalk, but this does not mean that he is required as a matter of law to keep his eyes upon the sidewalk at all times. It may be necessary to keep a lookout for traffic and other pedestrians to avoid collision."). For this reason, this Court analyzes the totality of the circumstances to determine if the danger is open and obvious. *See Marock v. Barberton Liedertafel*, 9th Dist. No. 23111, 2006-Ohio-5423, ¶ 14, 19.

{¶11} It is undisputed that Mrs. Neura fell while she pushed a shopping cart provided by Goodwill down a ramp that connected the sidewalk outside the Goodwill store to the parking lot. It is also undisputed that there was a crack where the ramp met the parking lot. Robert Neura, Mrs. Neura's son, averred that he went to examine the ramp the day his mother fell. According to his affidavit, the crack could be seen when one stood next to it. However, when standing at the door to the Goodwill store, the crack was "less or not even discernible." Mrs. Neura averred that the crack was "invisible" to her. She also averred that she had not used the ramp when she entered the store; in fact, she averred that, although she regularly shopped at the store, she had

never used the ramp before. Mrs. Neura also averred that the shopping cart obscured her view of the ground in front of her and that the weight of the cart pulled her down the ramp.

{¶12} Viewing the evidence in the light most favorable to Mrs. Neura, her cart, which the store had provided to her, blocked her view of the ramp, hiding a crack from view that was not readily observable from the door of the Goodwill store. Therefore, there is a genuine issue of fact whether the crack was readily observable and, thus, the defendants were not entitled to summary judgment on the basis that the crack was an open and obvious hazard. *See, e.g., Marock* at ¶ 19 (concluding that there was a genuine issue whether beer case was an open and obvious hazard when it was stored in a narrow, dimly lit walkway and there were numerous distractions such as the overhead television screen and noise and movement of the other patrons in the bar).

**Trivial Defect**

{¶13} The trial court also determined that the defendants were entitled to summary judgment because they had no duty to warn Mrs. Neura about the crack because it was a trivial defect.

{¶14} The trivial defect doctrine is similar to the open and obvious doctrine. With respect to very trivial or minor imperfections the Ohio Supreme Court has held that minor or trivial imperfections, which are not unreasonably dangerous and are commonly encountered and to be expected, as a matter of law do not create liability on the part of owners or occupiers of private premises toward persons who fall on account of such minor imperfections. *Helms v. Am. Legion, Inc.*, 5 Ohio St.2d 60 (1966), syllabus.

{¶15} In *Cash v. Cincinnati*, 66 Ohio St.2d 319 (1981), the Ohio Supreme Court clarified that a court must look at the surrounding circumstances in order to determine whether a

defect is insubstantial as a matter of law. *Id*. at 324. With respect to the circumstances of that case, it concluded that reasonable minds could differ as to whether a 1.5 inch deep depression that was 12-14 inches across and spanned at least 3 feet of a crosswalk in a downtown intersection in a major city was a substantial defect. *Id.* at 325, paragraph one of the syllabus. In coming to this conclusion, the Court examined the circumstances surrounding the plaintiff's fall, noting that "[a] pedestrian who approaches such an intersection necessarily has his attention diverted by traffic signal lights, by surrounding vehicular traffic, and by other pedestrian traffic along the same walkway." *Id*. at 324. "These conditions would tend to increase the danger of such a defect in this location." *Id*.

{¶16} There is no dispute that the crack was two inches or less when Mrs. Neura fell; however, in viewing the surrounding circumstances, we cannot conclude that the defect was trivial as a matter of law. As mentioned above, Mrs. Neura was pushing a full shopping cart down a ramp into a parking lot. The cart obstructed her view of the ground and its weight affected her ability to control it as it went down the incline. The crack was not readily observable from a distance. Mrs. Neura was entering a parking lot, where there was the potential distraction of vehicle traffic. Furthermore, these were not circumstances unique to her as the carts were provided by Goodwill and, furthermore, the crack was at the base of a ramp, which would be the expected route of egress from the store for customers using a cart.

{¶17} We find the Second's District's reasoning in *Thompson v. Kroger Co.*, 2nd Dist. No. 13248, 1992 WL 127708 (June 9, 1992), instructive. In that case, a customer walked out of the grocery store holding two bags of groceries in his arms. *Id.* at *3. He was walking three feet behind another customer and testified that the lighting in the parking lot was normal for the time of day. *Id*. The customer stepped into a 1.5 inch deep, 3-4 inch wide pothole at the base of the

ramp leading to the parking lot. *Id.* at \*2. The Second District, noting that it was "reasonably foreseeable that [the store's] customers would be leaving the store carrying bags in their arms or pushing a shopping cart full of groceries \* \* \*[,]" concluded that there was a genuine issue whether the defect was substantial under those circumstances. *Id.* at \*3.

{¶18} Similar to the plaintiff in *Thompson*, Mrs. Neura's view of the defect was obscured by her shopping cart as opposed to grocery bags and another customer. Also like the plaintiff in *Thompson*, Mrs. Neura was entering a parking lot, which would require her to be on the lookout for motor vehicles. Furthermore, while the defect in this case is a crack and not a hole, it is a crack on a ramp designed to allow wheeled objects to enter and exit the sidewalk. Given all of the factors that existed in this case, there is a genuine issue of material fact whether the crack at the base of the ramp constituted a trivial defect. *See Thompson* at \*3; *see also Cash*, 66 Ohio St.2d at 325.

{¶19} Goodwill Industries and The Goodwill Industries of Akron, Ohio, Inc. argue in their joint-brief that, regardless of whether the crack was trivial or open and obvious, they were entitled to summary judgment on two additional grounds raised in their motion. However, the trial court never addressed these additional grounds when it awarded summary judgment to the defendants, and we will not do so in the first instance. *See Guappone v. Enviro-Cote, Inc.*, 9th Dist. 24718, 2009-Ohio-5540, ¶ 13.

{¶20} When viewing the evidence in a light most favorable to Mrs. Neura, reasonable minds can differ as to the substantiality of the defect in light of all of the surrounding circumstances. Mrs. Neura's assignments of error are sustained.

**{¶21}** Mrs. Neura's assignments of error are sustained. The judgment of the Medina County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

L. RAY JONES, Attorney at Law, for Appellant.

STEPHEN J. CHUPARKOFF, Attorney at Law, for Appellees.

CORNELIUS J. O'SULLIVAN, JR., Attorney at Law, for Appellees.