[Cite as *Gardner v. Kinstlinger*, 2012-Ohio-5486.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| LUBA L. GARDNER | C.A. No.    26374 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| HOWARD KINSTLINGER, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | CASE No.    CV 2011 07 3681 |

DECISION AND JOURNAL ENTRY

Dated: November 28, 2012

WHITMORE, Presiding Judge.

{¶1}    Plaintiff-Appellant, Luba L. Gardner, appeals from the judgment of the Summit County Court of Common Pleas, granting Defendant-Appellees, Lucille and Howard Kinstlinger's ("the Kinstlingers"), motion for summary judgment. This Court affirms.

I

{¶2}    The Kinstlingers own a business property on which a single building is located. The south side of the building is occupied by a post office, and the north side of the building is occupied by a bank. There are parking spaces located in the front and back of the building. The entrance driveway is located on the south side of the building and provides one-way access to the back parking lot. The exit driveway on the north side of the building provides a combined one-way exit and access to the bank's drive-thru window. Although unmarked, the exit driveway is wide enough for two lanes, allowing a line of cars to have access to the bank's drive-thru window while still allowing cars to exit the property. Cars using the drive-thru window or the

exit lane must make a ninety-degree left turn from the rear of the building and slow down to the appropriate speed.

{¶3} Immediately north of the exit driveway, and to the right of the exit lanes, is a retaining wall made of railroad ties and a three to four foot drop-off to an adjacent vacant lot. On August 5, 2009, Gardner drove to the post office to mail a letter. She drove in the south side driveway and through the back parking lot. As she drove toward the north side of the building to exit the property she noticed a car waiting in line to access the drive-thru window. In an attempt to avoid hitting the car, Gardner made a wide turn causing her tires to go over the retaining wall. Gardner's car fell onto the adjacent property below and flipped over. As a result of the accident she sustained physical injuries and her car was severely damaged.

{¶4} Gardner filed a claim against the Kinstlingers, alleging that they were negligent in maintaining their property and failed to protect her, as a business invitee, from a hazardous condition. After depositions were taken, the Kinstlingers filed a motion for summary judgment, arguing that the hazard was open and obvious and therefore they had no duty to protect invitees. The court agreed and granted the Kinstlingers' motion. Gardner now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS BECAUSE THERE WAS CREDIBLE EVIDENCE GIVING RISE TO GENUINE ISSUES OF MATERIAL FACT PROPERLY REQUIRING SUBMISSION FOR DETERMINATION [BY] A JURY.

{¶5} In her first assignment of error, Gardner argues that the court erred in granting the Kinstlingers' motion for summary judgment. Specifically, Gardner argues that whether a hazard

is "open and obvious" is a question of fact for the jury to determine under the "varying attend[ant] circumstances." Under the circumstances in this case, we disagree.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). To prevail on a motion for summary judgment, the moving party must show:

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.

*Id.* The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. *Id.* at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle*, 75 Ohio App.3d 732, 735 (12th Dist.1991). *Accord Thatcher v. Goodwill Industries of Akron*, 117 Ohio App.3d 525, 531 (9th Dist.1997).

{¶7} "[T]o establish a cause of action for negligence, the plaintiff must show (1) the existence of a duty, (2) a breach of duty, and (3) an injury proximately resulted therefrom." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 8, citing *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77 (1984). Generally, an owner owes a duty of ordinary care to a business invitee for hazardous conditions on the property. *See Johnson v. Wagner Provision Co.*, 141 Ohio St. 584 (1943), paragraphs one and two of the syllabus. "An owner is under no duty to protect its customers from dangers known to the customer, or otherwise so

obvious and apparent that a customer should reasonably be expected to discover them and protect herself from them." *Andamasaris v. Annunciation Greek Orthodox Church*, 9th Dist. No. 22191, 2005-Ohio-475, ¶ 14, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45 (1968), paragraph one of the syllabus. *Accord Armstrong* at syllabus.

{¶8} "Whether or not a duty exists is a question of law." *Marock v. Barberton Liedertafel*, 9th Dist. No. 23111, 2006-Ohio-5423, ¶ 8. If a plaintiff cannot establish an element of his claim, such as the existence of a duty, summary judgment is appropriate. *Andamasaris* at ¶ 11.

{¶9} In her deposition, Gardner states that she had been using that same driveway twice a month for at least five years. She admitted that she was familiar with the railroad ties and that the ties were there "[b]ecause of the drop." When asked if she looked for the railroad ties on the date of the accident, she replied, "Yeah, I knew they were there. I was always cautious about them." The record is clear that Gardner knew about the drop-off before the accident and had successfully negotiated the ninety-degree left turn on all previous occasions.

{¶10} Gardner argues that a genuine issue of material fact exists in whether attendant circumstances prevented the hazard from being open and obvious. Specifically, Gardner argues that she was focused on the car waiting in line to use the bank's drive-thru window.

{¶11} "[A]ttendant circumstances are all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event." *Marock*, 2006-Ohio-5423, at ¶ 13, quoting *Hudspath v. The Cafaro Co.*, 11th Dist. No. 2004-A-0073, 2005-Ohio-6911, ¶ 19. The existence of attendant circumstances do not create an exception to the open and obvious doctrine. *Marock* at ¶ 14. Instead, they are

considered as part of the totality of the circumstances in determining whether a genuine issue of material fact exists regarding whether a reasonable person would have discovered the hazard. *Id.*

{¶12} Gardner's attendant circumstances argument ignores the fact that she admitted to being aware of the drop-off and was watching out for it, but "misjudged" the distance in trying to navigate around a car. Gardner explained, and the photographs submitted with the Kinstlingers' motion for summary judgment support the conclusion, that the exit driveway is "fairly wide" and that "[t]here was enough room" for her to navigate safely around the car. Moreover, Gardner said there was nothing "whatsoever" that was distracting her attention while she was driving.

{¶13} Even viewing the evidence in a light most favorable to Gardner, we conclude that the hazard was known to Gardner and that no attendant circumstances existed that would have prevented the hazard from being open and obvious. Because the hazard was known to Gardner and it was open and obvious, Gardner cannot prove the element of duty and the Kinstlingers were entitled to judgment as a matter of law. Accordingly, Gardner's first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT ERRED IN ARBITRARILY EXCLUDING AND DISREGARDING MATERIAL EVIDENCE IN THE FORM OF THE AFFIDAVIT OF JUSTIN WILLIAMS PROBATIVE ON THE ISSUE OF WHETHER PRIOR TO PLAINTIFF'S ACCIDENT DEFENDANTS HAD NOTICE OF AND KNOWLEDGE OF THE HAZARD ON THEIR PREMISES CAUSING PLAINTIFF'S INJURIES, BUT NEVERTHELESS FAILED TO EXERCISE REASONABLE CARE TO REMOVE THE HAZARD OR TO WARN INVITEES THEREOF.

{¶14} In her second assignment of error, Gardner argues that the court erred in failing to consider evidence that the Kinstlingers had notice of the hazard and failed to protect business invitees. We disagree.

{¶15} Having concluded that Gardner could not establish an element of her claim, the court did not err in failing to consider whether the Kinstlingers had notice of the hazard. As discussed above, the hazard was open and obvious and therefore the Kinstlingers had no duty to protect invitees against the hazard. *Armstrong*, 99 Ohio St.3d 79, 2003-Ohio-2573, at syllabus. Gardner's second assignment of error is overruled.

III

{¶16} Gardner's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

DICKINSON, J.
CONCURS.

CARR, J.
DISSENTING.

{¶17}  I respectfully dissent.

{¶18}  I would conclude that, based on the totality of the circumstances as they existed at the time Ms. Gardner was injured, a genuine issue of material fact existed regarding whether a reasonable person would have discovered the hazard.  *See Marock v. Barberton Liedertafel*, 9th Dist. No. 23111, 2006-Ohio-5423.

{¶19}  In this case, not only was there a car idling at the bank's drive-thru window, but another vehicle was idling behind and to the right of that vehicle, when Ms. Gardner had to maneuver the turn alongside the retaining wall.  Although the photographs submitted as evidence clearly showed a significant drop off from the parking lot and driveway area, the photographs were not taken from the perspective of a driver as she maneuvered through the area.  Instead, the photographs were taken from the perspective of looking at the wall from the side of the drop off.  From that perspective, the wall was apparent, and any hazard associated with running into the wall would have been open and obvious.

{¶20}  On the other hand, I believe that a genuine issue of material fact existed regarding whether the location of the drop off over the retaining wall was open and obvious to a driver as she maneuvered around multiple staggered vehicles.  There were no signs erected along the edge of the wall.  Nor was there any buffer on the top of the wall which would notify a driver that her tire had reached the edge of the wall.  Notwithstanding Ms. Gardner's knowledge of the drop off and her prior experience in navigating through the area, I would conclude that a genuine issue of

material fact existed as to whether the hazard was open and obvious under the totality of the circumstances as they existed at the time she was injured. Accordingly, I would sustain the first assignment of error and reverse and remand the matter for further proceedings.

APPEARANCES:

JAMES R. HINTON, Attorney at Law, for Appellant.

MICHAEL LYFORD and CRAIG S. COBB, Attorneys at Law, for Appellee.