[Cite as *MacKeigan v. Salvation Army*, 2012-Ohio-3635.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF LORAIN | )ss:<br>) | NINTH JUDICIAL DISTRICT |

| WILLIAM MACKEIGAN, et al. | C.A. No. 11CA010058 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| SALVATION ARMY, et al. | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO |
| Appellees | CASE No. 08CV159294 |

DECISION AND JOURNAL ENTRY

Dated: August 13, 2012

BELFANCE, Judge.

{¶1} Plaintiff-Appellant William MacKeigan appeals from the decision of the Lorain County Court of Common Pleas granting summary judgment on Mr. MacKeigan's claims to Defendants-Appellees the Salvation Army and Charles E. Lance, Fiduciary of the Estate of Jack Lance ("the Estate"). For the reasons set forth below, we reverse and remand for proceedings consistent with this opinion.

I.

{¶2} On November 3, 2008, Mr. MacKeigan and his wife filed a complaint in the Lorain County Court of Common Pleas. Mr. MacKeigan asserted that while he was a business invitee at the Salvation Army store located in Elyria on April 19, 2007, he was injured when the concrete curb of the sidewalk broke away when he stepped on it, causing him to fall and suffer injury. Mr. MacKeigan asserted that the Salvation Army, as the occupier of the premises, negligently failed to maintain the curb and/or negligently failed to warn him of the danger it

presented. In addition, he asserted a similar claim against the Estate, as the owner of the premises. Finally, Mrs. MacKeigan asserted a claim for loss of consortium.

> Both the Estate and Salvation Army filed motions for summary judgment, arguing alternatively that the defect in the sidewalk was an open and obvious defect and a latent defect of which they had no notice. The MacKeigans filed a response in opposition to the motions for summary judgment. The trial court granted summary judgment in favor of both the Estate and Salvation Army, finding that the hazard was either a latent defect or an open and obvious condition, in either event obviating the defendants' duty to warn Mr. MacKeigan.

*MacKeigan v. Salvation Army*, 9th Dist. No. 10CA009766, 2011-Ohio-515, ¶ 3.

{¶3} The MacKeigans appealed, and this Court reversed the grant of summary judgment due to a lack of evidence in the record. *Id.* at ¶ 9-11. Upon remand, the Salvation Army and the Estate again moved for summary judgment. After conducting an oral hearing, the trial court again granted summary judgment to the Salvation Army and the Estate on the MacKeigans' claims. Mr. MacKeigan has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO THE DEFENDANTS-APPELLEES; FINDING THAT THE DEFECT IN THE SIDEWALK THAT CAUSED PLAINTIFF'S FALL WAS EITHER A HIDDEN DEFECT OR AN OPEN AND OBVIOUS HAZARD; NEITHER OF WHICH WOULD MAKE THE DEFENDANTS LIABLE TO THE PLAINTIFF FOR NEGLIGENCE.

{¶4} Mr. MacKeigan asserts that the trial court erred in granting summary judgment. We agree.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving

any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011-Ohio-1519, ¶ 8.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the non-moving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

{¶7} "In order to prevail on a claim of negligence, a plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty." *Neura v. Goodwill*, 9th Dist. No. 11CA0052-M, 2012-Ohio-2351, ¶ 8, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984). "The owner or occupier of premises is not an insurer of the safety of his invitees, but he does owe a duty to exercise ordinary or reasonable care for their protection." *Jackson v. Kings Island,* 58 Ohio St.2d 357, 359 (1979). "This includes the duty to warn patrons of dangerous conditions known to, or reasonably ascertainable by, a proprietor which a patron should not be expected to discover or protect himself against." *Id.*

{¶8} Nonetheless, "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79,

2003-Ohio-2573, syllabus. "[T]he open and obvious nature of the hazard itself serves as a warning[, and, t]hus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." (Internal quotations and citation omitted.) *Id.* at 80.

{¶9} This case is a prime example of a case that should be resolved by a trier of fact. Mr. MacKeigan stated in his deposition that the sidewalk was dry, that nothing blocked his view of it when he was leaving the store, and that nothing distracted him from the task at hand. Mr. MacKeigan testified that he was "look[ing] down and ahead[]" as he was walking. He indicated that, as he stepped on to the portion of the sidewalk at issue, it crumbled under his feet, creating a hole which caused him to fall. He testified that, prior to stepping on the sidewalk, it looked "[l]ike a normal sidewalk[]" and that he did not see any cracking in the sidewalk.

{¶10} Mr. MacKeigan's testimony is contrasted by that of Linda Tyree, who at the time of her deposition in 2009, had worked for the Salvation Army store for ten years. Ms. Tyree was shown a photograph of the sidewalk at issue taken eleven days after Mr. MacKeigan's fall, and thus, evidencing the hole. Ms. Tyree testified that the sidewalk had "always been like that." She stated that "[t]hat's how it's always been since I stepped in the place. After a while, you just know to take your foot up and keep going." She stated that she did not consider it a hazard, that she had never reported it to the Estate, that she had had no complaints about it, and that, prior to Mr. MacKeigan's injury, there had been no reports of falls or injuries. Ms. Tyree testified that, as part of the upkeep of the sidewalk, an employee would sweep the sidewalk every couple days "to make sure there's no nails on there." There are no photographs in the record of the condition of the sidewalk *prior* to Mr. MacKeigan's fall.

{¶11}   Thus, the condition of the sidewalk at the time of the fall is clearly disputed.  "A fact is 'material' only if it has the potential to affect the outcome of the lawsuit, and a dispute is 'genuine' only if it allows reasonable minds to return a verdict for the non-moving party." *Green v. Golson,* 9th Dist. No. 16628, 1994 WL 362134, *1 (July 13, 1994).  The condition of the sidewalk at the time Mr. MacKeigan fell is vital to determining whether he can recover because it is vital to determining whether the Salvation Army and the Estate breached any duty owed to Mr. MacKeigan.  Mr. MacKeigan stated that the sidewalk looked normal, and Ms. Tyree essentially testified that it had always been openly defective.  The trial court concluded that the defect was either open and obvious, if one credited Ms. Tyree's testimony, or latent and unknown, if one credited Mr. MacKeigan's testimony.  Thus, the trial court determined that, because Mr. MacKeigan could not succeed under either scenario, summary judgment was properly granted to the Salvation Army and the Estate.

{¶12}   The problem with the trial court's analysis and reasoning is that it is possible that a trier of fact faced with this testimony could believe a portion of Mr. MacKeigan's testimony, i.e. that the sidewalk looked normal, and a portion of Ms. Tyree's testimony, i.e. that Salvation Army knew of the defect and/or the defect was present for such a long time that the Estate should have known of it, thereby providing Mr. MacKeigan a possible basis for succeeding on his claim. *See Collins v. Emro Marketing Co.,*10th Dist. No. 98AP-1014, 1999 WL 333298, * 7 (May 11, 1999); *Porter v. K-Mart Corp.*, 9th Dist. No. 17608, 1996 WL 425902, *2 (July 31, 1996) (noting recovery is possible for a plaintiff when the "business proprietor or his employees had, or should in the exercise of ordinary care have had, notice of the potential hazard for a sufficient time to enable them in the exercise of ordinary care to remove it or to warn customers about it[]"); *see also Bradley v. Cage*, 9th Dist. No. 20713, 2002 WL 274638, *2 (Feb. 27, 2002) ("A

jury is free to believe all, part, or none of the testimony of any witness who appeared before it."). Viewing the testimony in a light most favorable to Mr. MacKeigan, Ms. Tyree's testimony evidences that there was something wrong with the sidewalk prior to Mr. MacKeigan's fall and that she was aware of the defect. Mr. MacKeigan's testimony also evidences that there was a defect, which was not open and obvious. Mr. MacKeigan disputed Ms. Tyree's testimony as to what the defect looked like on the day of the incident. Given the totality of the testimony, the nature and extent of the defect is disputed. While Ms. Tyree essentially testified that she was aware of the defect and that it was openly defective, a jury could find her testimony that she was aware of the defect credible but disbelieve her testimony concerning the extent and nature of the defect. Thus, as is often the case, a jury could determine that the truth lies somewhere in the middle. Depending upon the jury's resolution of the credibility of the witnesses, it is possible that it could find that there existed a duty to warn a patron such as Mr. MacKeigan of a dangerous condition which he could not have expected to discover himself. Accordingly, we conclude that there is a genuine issue of material fact with respect to the condition of the sidewalk that precluded summary judgment.

{¶13} We note that the Estate asserted it was entitled to summary judgment on two grounds, either because (1) the Estate was a commercial lessor not in control or possession of the premises and thereby not liable for Mr. MacKeigan's damages or (2) the defect was either open and obvious or latent and unknown.

{¶14} Having concluded that summary judgment was not appropriate on the second basis, we would normally turn to examining whether summary judgment was appropriately granted based upon the alternate ground. However, it does not appear from the trial court's entry that it considered the Estate's argument that it was not liable because it was a commercial lessor

not in possession or control of the premises. *See Hendrix v. Eighth & Walnut Corp.,* 1 Ohio St.3d 205 (1982). Accordingly, because the trial court did not consider the issue in the first instance, we decline to do so. *See Schmucker v. Kurzenberger,* 9th Dist. No. 10CA0045, 2011-Ohio-3741, ¶ 14 (reciting this Court's precedent on this issue). Upon remand, the trial court can consider whether the Estate is entitled to summary judgment on this basis, as the condition of the sidewalk plays no role in this determination. We sustain Mr. MacKeigan's assignment of error.

III.

{¶15} In light of the foregoing, we reverse the judgment of the Lorain County Court of Common Pleas, and remand this matter for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
EVE V. BELFANCE
FOR THE COURT


MOORE, P. J.
CONCURS.

DICKINSON, J.
DISSENTING.

{¶16} At his deposition, Mr. MacKeigan testified that he was looking at the sidewalk in front of him as he left the Salvation Army store. According to him, there weren't any cracks on his line of travel, "other than your normal grooves they put in the sidewalk for expansion." When he stepped on the sidewalk, however, it crumbled, his foot went in the resulting hole, and he fell. When he was shown a photograph of the broken sidewalk, he testified that the photograph depicted "what it looks like now," but that it looked "[l]ike a normal sidewalk" before he fell. That is, according to Mr. MacKeigan, he was injured by a hidden defect in the sidewalk.

{¶17} When Ms. Tyree was shown the same photograph, she testified that the sidewalk had been like that for the entire ten years she had worked at the Salvation Army store. According to her, "[a]fter a while, you just know to take your foot up and keep going." That is, according to Ms. Tyree, the open and obvious defect depicted in the photograph existed prior to Mr. MacKeigan stepping on it and falling.

{¶18} As noted by the majority, the duty of an owner or occupier of premises is "to warn patrons of dangerous conditions known to, or reasonably ascertainable by, a proprietor

which a patron should not be expected to discover or protect himself against." *Jackson v. Kings Island*, 58 Ohio St. 2d 357, 359 (1979). As further noted by the majority, if a danger is open and obvious, a landowner has no duty to protect patrons from it because those patrons can be reasonably expected to protect themselves. *Armstrong v. Best Buy Co.*, 99 Ohio St. 3d 79, 2003-Ohio-2573, syllabus.

{¶19} A fact finder faced with the testimony of Mr. MacKeigan and Ms. Tyree could reasonably accept Mr. MacKeigan's testimony and conclude that the defect was hidden or reasonably accept Ms. Tyree's testimony and conclude that it was open and obvious. If the fact finder accepted Mr. MacKeigan's testimony, it could not impose liability on either the Salvation Army or Mr. Lance's Estate unless there was also evidence that the Salvation Army or the estate knew or reasonably should have known of the hidden defect. Mr. MacKeigan failed to present any evidence in opposition to summary judgment from which a fact finder could conclude that the Salvation Army or the estate knew or reasonably should have known of the claimed hidden defect. If it accepted Ms. Tyree's testimony, it could not impose liability on the Salvation Army or Mr. Lance's Estate because it would conclude that the defect was open and obvious.

{¶20} As correctly noted by the majority, a fact finder is free to accept all or part of a witness's testimony. *Bradley v. Cage*, 9th Dist. No. 20713, 2002 WL 274638, *2 (Feb. 27, 2002). It is not free, however, to turn that testimony into something it is not. Ms. Tyree testified that she knew of the open and obvious defect she described. According to the majority, a fact finder could somehow use Ms. Tyree's testimony about the open and obvious defect she said existed to conclude that she knew or should have known about the hidden defect Mr. MacKeigan described. That would be like allowing a fact finder to find that something was black based on testimony that it was white. Both black and white are colors. Even if such transformation of Ms.

Tyree's testimony were permissible, a conclusion that she knew about the hidden defect described by Mr. MacKeigan would not be evidence that Mr. Lance's Estate also knew about it. Even if summary judgment were not appropriate in favor of the Salvation Army, therefore, it still was appropriate in favor of Mr. Lance's Estate.

{¶21} The trial court got it exactly right in this case. Either the defect in the sidewalk was hidden and Mr. MacKeigan presented no evidence that the Salvation Army or Mr. Lance's Estate knew or should have known about that hidden defect or the defect was open and obvious and neither the Salvation Army nor Mr. Lance's Estate had a duty to protect Mr. MacKeigan from it. I would affirm the trial court's judgment

APPEARANCES:

CARL J. ROSE, Attorney at Law, for Appellant.

WILLIAM LANG, Attorney at Law, for Appellant.

JOSEPH K. OLDHAM and COLIN G. SKINNER, Attorneys at Law, for Appellee.

SHANNON FOGARTY, Attorney at Law, for Appellee.