[Cite as *Novak v. Giganti*, 2013-Ohio-784.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

KEITH NOVAK, et al.

  Appellants

  v.

JAMES GIGANTI, et al.

  Appellees

C.A. No.  26478

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.  CV-2011-06-3450

DECISION AND JOURNAL ENTRY

Dated: March 6, 2013

BELFANCE, Presiding Judge.

{¶1} Keith and Marlene Novak appeal the Summit County Court of Common Pleas'
award of summary judgment. For the reasons set forth below, we reverse.

I.

{¶2} James Giganti decided to put decorative stones in the flowerbeds near his
sidewalk, and he dug out the beds six to eight inches blow the sidewalk. He asked his neighbor
Mr. Novak, who had previously done some landscaping for Mr. Giganti, if he knew where Mr.
Giganti could get some appropriate stones. Mr. Novak informed Mr. Giganti that he knew
someone who could deliver stones the next day, and the two men agreed that Mr. Novak would
arrange for the stones to be delivered.

{¶3} The next day, it was lightly raining when Robert Fiala, Mr. Novak's friend,
arrived in his truck to deliver the stones. While Mr. Giganti was inside, Mr. Novak assisted Mr.
Fiala in backing his truck down the driveway to where the stones were to be delivered. Mr.

Novak stepped out of the way of the truck and slipped on some mud on the sidewalk. He fell into a ditch and sustained some injuries.

{¶4} Mr. and Mrs. Novak filed a complaint against Mr. Giganti and his wife, alleging that Mr. Giganti had negligently failed to warn Mr. Novak about the dangerous conditions on the sidewalk. Mrs. Novak alleged a related claim of loss of companionship as a result of Mr. Novak's injuries. The Gigantis moved for summary judgment, arguing that Mr. Giganti had not had any knowledge of the mud on the sidewalk and that, even if he had, the mud was an open and obvious hazard. The Novaks opposed the Gigantis' motion, but the trial court determined that there was no genuine dispute of fact that Mr. Giganti did not have knowledge of the mud on the sidewalk and, therefore, he had no duty to warn Mr. Novak. The trial court awarded summary judgment in favor of the Gigantis and dismissed the Novaks' complaint.

{¶5} The Novaks have appealed, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT WHERE A MATERIAL ISSUE OF FACT EXISTED AS TO DEFENDANT-APPELLEES' NOTICE OF A DANGEROUS CONDITION ON HIS PROPERTY.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN APPLICATION OF THE OPEN AND OBVIOUS DOCTRINE WHERE ATTENDANT CIRCUMSTANCES EXISTED.

{¶6} In the Novaks' first assignment of error, they argue that the trial court erred in determining that there was no genuine issue of material fact regarding Mr. Giganti's knowledge of the dangerous condition on his sidewalk. We agree.

**{¶7}** This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. No. 25427, 2011–Ohio–1519, ¶ 8.

**{¶8}** Pursuant to Civ.R. 56(C), summary judgment is appropriate when

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

**{¶9}** "To prevail in a negligence action, the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 21. "The owner or occupier of premises is not an insurer of the safety of his invitees, but he does owe a duty to exercise ordinary or reasonable care for their protection." *Jackson v. Kings Island*, 58 Ohio St.2d 357, 359 (1979). "This includes the duty to warn patrons of dangerous conditions known to, or reasonably ascertainable by, a proprietor which a patron should not be expected to discover or protect himself against." *Id.* In this case, the parties agree that Mr. Novak was an invitee and, as

owners of the property, the Gigantis generally owed Mr. Novak a duty to warn of dangerous conditions known to or reasonably ascertainable by them.

{¶10} The Gigantis moved for summary judgment, arguing that Mr. Giganti had no duty to warn Mr. Novak about the mud on the sidewalk because he was unaware of the hazard. Mr. Giganti submitted an affidavit in support of the motion for summary judgment in which he averred that he had "removed the dirt from the flowerbeds in front of [his] home. * * * After completing the work in the flowerbeds, [he] cleared the sidewalk of all dirt and debris." He also averred that he "observed the sidewalk in front of [his] house, where Mr. Novak fell, 15-30 minutes prior to his fall. At that time, there was no dirt, mud, or debris on the sidewalk."

{¶11} Mr. Novak opposed the Gigantis' motion and submitted affidavits from Mr. Fiala and himself. Mr. Novak averred that he was helping Mr. Fiala back his truck down the driveway when he "moved to a sidewalk adjacent to the empty flower bed where the stones were to be deposited, and * * * slipped on mud upon the sidewalk." Mr. Novak further averred that the mud caused him to fall into the "landscaping bed" and he sustained an injury. According to Mr. Novak's affidavit, he "had not previously stepped into the flowerbed or anywhere else that would result in mud accumulating on [his] shoes." Mr. Fiala averred in his affidavit that he saw Mr. Novak fall and that he observed mud on the sidewalk when he came to help Mr. Novak.

{¶12} Based on this evidence, the trial court determined that "Mr. Novak has failed to demonstrate [Mr. Giganti had] notice[]" of the hazard, noting that Mr. Giganti had averred that he had cleaned up the debris and had observed that the sidewalk was clear shortly before Mr. Novak's fall. However, Mr. Giganti averred that his excavation of his flowerbeds had caused dirt and debris to be on the sidewalk and that he had observed the sidewalk 15-30 minutes prior to Mr. Novak's fall. While Mr. Giganti averred that he cleaned up the debris and that the

sidewalk had been clear when he saw it prior to Mr. Novak falling, a jury could find those claims to lack credibility. *See generally MacKeigan v. Salvation Army*, 9th Dist. No. 11CA010058, 2012-Ohio-3635, ¶ 12 (noting that a jury may believe all or part of a witness's testimony). Thus, given the averments of Mr. Novak and Mr. Fiala that there was mud and debris on the sidewalk when Mr. Novak fell, a jury could believe that Mr. Giganti had not cleaned up the mud from the day before, saw that it was still there 15-30 minutes before Mr. Novak fell, and failed to warn Mr. Novak about the mud.

{¶13} However, the question of the Gigantis' liability is not resolved merely by their knowledge of the potential hazard. After all, a landowner only has a duty to warn invitees of hazards the invitees "should not be expected to discover or protect [themselves] against." *Jackson*, 58 Ohio St.2d at 359. Essentially, landowners have no duty to warn invitees of open and obvious dangers. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus. However, because the trial court awarded summary judgment to the Gigantis based on its determination that they did not have notice of the hazard, the trial court did not reach the question of whether the mud and debris was an open and obvious hazard that an invitee should be expected to discover, and we will not do so in the first instance. *See Neura v. Goodwill*, 9th Dist. No. 11CA0052-M, 2012-Ohio-2351, ¶ 19.

{¶14} Thus, the Gigantis were not entitled to summary judgment on Mr. Novak's negligence claim on the basis that Mr. Giganti lacked notice of the hazard. Furthermore, because the trial court awarded summary judgment to the Gigantis on Ms. Novak's loss of companionship claim due to its determination that Mr. Novak could not prevail on his negligence claim, that award must also be reversed.

**{¶15}** Accordingly, the Novaks' first assignment of error is sustained, and we conclude that their second assignment of error is not ripe for consideration.

III.

**{¶16}** The judgment of the Summit County Court of Common Pleas is reversed. On remand, the trial court should consider whether the mud was an open and obvious hazard that Mr. Novak as an invitee should have been expected to discover.

Judgment reversed,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ERIC W. TAYFEL, Attorney at Law, for Appellants.

KENNETH A. CALDERONE and EMILY R. YODER, Attorneys at Law, for Appellee.