[Cite as *Novak v. Giganti*, 2014-Ohio-2751.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

KEITH NOVAK, et al.

    Appellants

    v.

JAMES GIGANTI, et al.

    Appellees

C.A. No.    27063

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2011-06-3450

DECISION AND JOURNAL ENTRY

Dated: June 25, 2014

HENSAL, Judge.

{¶1}    Keith and Marlene Novak appeal a judgment of the Summit County Court of Common Pleas that granted summary judgment to James and Patricia Giganti on their negligence and consortium claims.  For the following reasons, this Court reverses.

I.

{¶2}    The Novaks and Gigantis live on the same street in Sagamore Hills.  After they met, Mr. Novak, who works as a landscaper, began helping the Gigantis with their lawn projects.  In 2010, Mr. Novak learned that Mr. Giganti needed a load of stone for one of his flower beds.  Because he knew someone who could supply the stone, Mr. Novak arranged the delivery for the Gigantis.

{¶3}    On the day of the delivery, Mr. Novak went to the Gigantis' residence to show the driver where to put the stone.  After showing him the location, Mr. Novak moved out of the way.  As he walked forward, however, he slipped on the sidewalk and fell into a ditch, injuring his

knee.  It was lightly raining at the time, and when Mr. Novak stood up he could see where his shoe had slipped on some mud.

{¶4}  The Novaks sued the Gigantis, alleging they had negligently maintained their property.  The Gigantis moved for summary judgment, arguing that they had no notice of the hazard and that it was open and obvious.  The trial court granted the motion, noting that Mr. Giganti was inside his house at the time of the fall and he had averred that there had been no mud, dirt, or debris on the sidewalk 15 to 30 minutes before Mr. Novak fell.  It, therefore, concluded that the Gigantis did not have notice of the danger.  This Court reversed the trial court's judgment, however, because a trier of fact could find that Mr. Giganti lacked credibility.  Because the trial court had not addressed the Gigantis' open and obvious argument, this Court remanded the matter to the trial court for consideration of that issue in the first instance.  On remand, the trial court determined that, since the mud was clearly visible after the incident, Mr. Novak would have seen the mud before his fall if he had looked at the sidewalk.  Because he also would have recognized the mud as a hazard to avoid, the court concluded that it was an open and obvious condition and granted summary judgment to the Gigantis.  The Novaks have appealed, assigning two errors, which this Court will address together for ease of consideration.

I.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE SUMMARY JUDGMENT BASED ON THE OPEN AND OBVIOUS DOCTRINE WHERE THE DEFENDANT-APPELLEE FAILED TO OBSERVE THE ALLEGED OPEN AND OBVIOUS CONDITION DESPITE AMPLE OPPORTUNITY.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN APPLICATION OF THE OPEN AND OBVIOUS DOCTRINE WHERE ATTENDANT CIRCUMSTANCES EXISTED.

{¶5} The Novaks argue that the trial court incorrectly determined that the Gigantis were entitled to summary judgment because the mud he slipped on was an open and obvious hazard. Under Civil Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶6} To prevail in a negligence action, an injured party must show: "(1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006–Ohio–6362, ¶ 21. The legal duty owed to an injured party is dictated by the relationship between the owner of the premises and the injured party. *Hidalgo v. Costco Wholesale Corp.*, 9th Dist. Lorain No. 12CA010191, 2013–Ohio–847, ¶ 7. In this case, the parties do not dispute that Mr. Novak was an invitee of the Gigantis. Accordingly,

the Gigantis owed him a duty to warn him about "dangerous conditions known to or reasonably ascertainable by them." *Novak v. Giganti*, 9th Dist. Summit. No. 26478, 2013-Ohio-784, ¶ 9.

{¶7} Despite a landowner's general duty to warn invitees, the Ohio Supreme Court has held that, "[if] a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus. According to the Supreme Court, "the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Id.* at ¶ 5. "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

{¶8} Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection. *Kirksey v. Summit County Parking Deck*, 9th Dist. Summit No. 22755, 2005-Ohio-6742, ¶ 11. "The determinative issue is whether the condition [was] observable." *Id.* To determine whether a danger was observable, this Court considers the hazard itself and any attendant circumstances that existed at the time of the incident. *Marock v. Barberton Liedertafel*, 9th Dist. Summit No. 23111, 2006-Ohio-5423, ¶ 14 ("[C]onsideration of attendant circumstances is merely a generalized version of the reasonableness test subsumed by the open and obvious doctrine."). "While there is no precise definition of attendant circumstances, they * * * include 'any distraction that would come to the attention of a pedestrian in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.'" *Jenks v. City of Barberton*, 9th Dist. Summit No. 22300, 2005-Ohio-995, ¶ 16, quoting *McLain v. Equitable Life Assur. Co. of U.S.*, 1st Dist. Hamilton No. C-950048,

1996 WL 107513, *5 (Mar. 13, 1996). The question in this case, therefore, is whether, considering the totality of the circumstances, a genuine issue of material fact exists regarding whether a reasonable person in Mr. Novak's situation would have discovered the mud that was on the sidewalk in time to avoid it. *Marock* at ¶ 14; *Jenks* at ¶ 15.

{¶9} Upon review of the record, we note that there is very little evidence about the mud that caused Mr. Novak's fall. At his deposition, the parties referred to a diagram of the Gigantis' yard that depicted their driveway, sidewalk, and flower beds. The Gigantis asked Mr. Novak a number of questions about the diagram and had him mark the location of his car, the delivery truck, the path he walked, and the place where he fell. That exhibit, however, was not included with the copy of the deposition that was submitted to the trial court and was not otherwise made part of the record. In addition, there is scant evidence in the record about the amount of mud that was on the sidewalk. While Mr. Novak said that he could see the mud he slipped on after he got up from his fall, he did not indicate its size or depth. When the Gigantis asked him about the amount of mud at his deposition, Mr. Novak answered that he "really wasn't paying attention to how big of an area it was because I was in such pain with this knee." They did not pursue the issue to see if Mr. Novak could provide any sort of estimate about the amount of mud that was on the sidewalk.

{¶10} The fact that Mr. Novak found mud on the sidewalk after he fell does not necessarily mean that a reasonable person would have discovered it upon ordinary inspection. We disagree with the trial court that the evidence in the record establishes that Mr. Novak would have been able to see and take measures to avoid the mud on the sidewalk if he had looked at the sidewalk. Instead, we conclude that, viewing the evidence in a light most favorable to the Novaks, the Gigantis did not meet their burden of establishing that there is no genuine issue of

material fact regarding whether the mud on the sidewalk was an open and obvious condition. The trial court, therefore, incorrectly granted summary judgment to the Gigantis. The Novaks' assignments of error are sustained.

III.

{¶11} Genuine issues of material fact exist with respect to whether the mud that Mr. Novak slipped on was open and obvious. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,<br>and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JENNIFER HENSAL<br>FOR THE COURT

BELFANCE, P. J.
CARR, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

ERIC TAYFEL, Attorney at Law, for Appellants.

KENNETH A. CALDERONE and EMILY R. YODER, Attorneys at Law, for Appellees.