JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Robert Burger ("Burger"), appeals from the decision of the trial court that granted defendants-appellees'[1]
motions for summary judgment. For the reasons that follow, we affirm.
 {¶ 2} As both assignments of error involve the award of summary judgment to defendants, they will be addressed together:
 {¶ 3} "I. The trial judge erred, as a matter of law, in granting summary judgment for defendant-appellee, City of Cleveland.
 {¶ 4} "II. The trial judge erred, as a matter of law, in granting summary judgment for defendant-appellee, Cuyahoga County."
 {¶ 5} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial."Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citingDupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 6} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that *Page 3 
conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co., Inc.
(1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 7} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient. The movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 8} The facts, as construed in a light most favorable to Burger, are as follows: On July 6, 2001, Burger rode his bicycle east on "Lakewood Heights bridge" coming from Elbur Manor on Detroit Road. His children and their cousin were accompanying him as they traveled towards West 125th Street. One side of the bridge was "blocked off as it was under construction. Burger decided to cross the bridge despite the construction. This was the first time he rode his bicycle in this direction. As he approached the end of the bridge, he saw tall grass and made a "split second decision" to apply his brakes. Burger had passed beyond the end of the bridge when he applied his brakes and fell. Even though he saw that the grass *Page 4 
around the sidewalk was high, he did not slow down as he approached it. He believes the grass was about four feet high. Burger believed the sidewalk might not have been passable due to the grass, but he never reached that portion of the sidewalk. Burger stated that he felt the back tire of his bicycle "kick out from the gravel" and dirt before he fell.
 {¶ 9} The next day, Burger returned to the site and took photographs of the location where he fell. He was able to walk down the sidewalk through the grass. He also noticed gravel on the sidewalk area where he had applied his brakes the day before; however, he did not photograph the gravel. Burger does not know how the gravel came to be located on the sidewalk or how long it had been there.
A. R.C. 2744.02.
 {¶ 10} As a general rule, a political subdivision is not liable for injury to persons incurred in connection with the performance of a governmental or proprietary function of that political subdivision. R.C.2744.02(A)(1); Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445. Exceptions to this immunity are set forth in R.C. 2744.02(B). If an exception applies pursuant to R.C. 2744.02(B), then the provisions of R.C. 2744.03 must be examined. Greene County Agr. Soc. v. Liming (2000),89 Ohio St.3d 551, 556-557.
B. City of Cleveland
 {¶ 11} R.C. 723.01 provides that the legislative authority of municipal corporations have the authority over the "care, supervision, and control of public * * * *Page 5 
sidewalks * * * within the municipal corporation, and the municipal corporation shall cause them to be kept open, in repair and free from nuisance." R.C. 2744.02(B)(3) provides that "political subdivisions are liable for injury, death, or loss to person or property caused by their failure to keep public roads, * * * sidewalks * * * within the political subdivisions open, in repair, and free from nuisance * * *."
 {¶ 12} Burger contends that the City failed to properly maintain the sidewalk, which he contends was in a "defective condition" and caused his injuries. Although Burger argues that the high grass contributed to his fall, he clearly testified that the cause of his fall was gravel on the sidewalk, not the grass.
 {¶ 13} The City defends the decision of the trial court on the following bases: (1) Burger presented no evidence that gravel was present due to a defect in the sidewalk and (2) gravel, if present, constituted only a trivial imperfection that is reasonably expected to exist on walkways.
 {¶ 14} There is nothing in the record to indicate that the gravel was a result of a deteriorating sidewalk. Burger testified that he did not know where the gravel came from or how it got on the sidewalk. Thus, the proper inquiry is whether a genuine issue of material facts exists concerning the City's duty to keep its sidewalks free from nuisance.Ruwe v. Board of Township Trustees (1987), 29 Ohio St.3d 59, 60-61.
 {¶ 15} Burger also fails to show that the City created or had actual notice of the alleged nuisance, i.e., the gravel on the sidewalk. *Page 6 
 {¶ 16} "In order to charge a municipality with constructive notice of a nuisance for which it may be liable under the provisions of Section723.01, Revised Code, it must appear that such nuisance existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger or an invasion of private rights." Beebe v. Toledo
(1958), 168 Ohio St. 203, paragraph 2 of the syllabus.
 {¶ 17} There is no evidence as to how long the gravel had been there. The record indicates that the bridge near the sidewalk was under construction and the testimony reflects that construction workers came to Burger's aid at the time of his fall. He did not notice any gravel on the day of his accident but believes gravel caused his rear tire to slip. The next day he returned to the location of his accident to photograph the scene. He wanted to determine what caused his injuries. He testified that he observed gravel at the scene but did not photograph it.
 {¶ 18} Finally, there is nothing to suggest that the City knew, or should have known, of the presence of gravel on the sidewalk. The City had no records of prior injuries on the sidewalks at that location. The Superintendent for the Bureau of Sidewalks, Division of Engineering and Construction, Department of Public Service stated under oath that the City did not have any records of complaints or notices concerning the condition of the sidewalk of the Lakewood Heights Bridge before Burger's injury. Without some evidence indicating that gravel was present on the *Page 7 
sidewalk for some length of time and/or notice of complaints or prior injuries concerning it to the City, there is no genuine issue of material fact as to whether the City had constructive notice of it. SeeTyler v. City of Cleveland (1998), 129 Ohio App.3d 441 (fact of injury occurring prior to plaintiff's injury created issue of fact over whether City had constructive notice of defective manhole); Wiley v. City ofCleveland (May 20, 1993), Cuyahoga App. No. 62543 (affidavit that City attempted repairs to alleged defective manhole prior to plaintiff's injury with photographs to support that claim was sufficient to withstand summary judgment.)
 {¶ 19} Since we find that the evidence fails to create a genuine issue of material fact concerning the City's maintenance of the sidewalk, we decline to address whether the presence of gravel would constitute a trivial imperfection.
 {¶ 20} Accordingly, the trial court did not err in granting summary judgment to the City.
C. Cuyahoga County
 {¶ 21} Burger first seeks to hold the County liable under the provisions of R.C. 5591.02 for the injuries he sustained while traversing the municipal sidewalk on his bicycle. That statute directs the county commissioners to "construct and keep in repair all necessary bridges in municipal corporations." The facts establish that Burger's injuries were sustained on the sidewalk, not the bridge. Burger's reliance on Trader v. City of Cleveland, Cuyahoga App. No. 86227,2006-Ohio-295 is misplaced. In Trader, this Court held that the City was not immune from suit as a *Page 8 
matter of law where a traffic pole fell and injured a motorist traveling on a public road. This Court found questions of fact existed as to whether the City's responsibility for the pole was excluded by the provisions of R.C. 2744.01(H), whether it was negligently maintained, and whether it could be considered within the "right of way." Id. at ¶¶ 20-24. There is no genuine issue of material fact here. Burger's fall occurred on the city sidewalk and not on the bridge. Alternatively, Burger argues that the County is liable under the provisions of R.C.2744.02(B)(3), which provides in relevant part that "political subdivisions are liable for injury * * * to person or property caused by their failure to keep * * * sidewalks * * * within the political subdivisions open, in repair, and free from nuisance * * *." The maintenance of the city sidewalk was not within the responsibility of the County. See R.C. 723.01. The trial court properly awarded summary judgment in favor of the County on Burger's claims.
 {¶ 22} Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and KENNETH A. ROCCO, J., CONCUR
[1] Defendants are the City of Cleveland ("the City") and Cuyahoga County ("the County"). *Page 1