**VONDERHAAR, Appellant,**

v.

**City of CINCINNATI, Appellee.**

</div>

[Cite as *Vonderhaar v. Cincinnati*, 191 Ohio App.3d 229, 2010-Ohio-6289.]

<div align="center">

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100146.

Decided Dec. 22, 2010.

</div>

230

Michael J. Bergmann, L.L.C., and Michael J. Bergmann, for appellant.

John P. Curp, Cincinnati City Solicitor, and Thomas O. Beridon, Assistant City Solicitor, for appellee.

---

CUNNINGHAM, Presiding Judge.

{¶ 1} Plaintiff-appellant, Joan Vonderhaar, appeals the Hamilton County Common Pleas Court's entry of summary judgment for defendant-appellee, the city of Cincinnati.

{¶ 2} In late August 2005, the city, acting through the Greater Cincinnati Water Works, dug a hole that was allegedly four feet by five feet wide and 48 inches deep in the "tree lawn" area between the sidewalk and curb in front of Vonderhaar's residence, located in the municipality of Cheviot. The excavation was undertaken to repair a water main. Upon completing the necessary repair, the city's work crew filled in the hole with four yards of bank-run gravel, which contained a mixture of sand and gravel.

{¶ 3} Vonderhaar had observed the work crew excavating for the repair. Several days later, she approached the filled-in hole to determine whether the repair site had been seeded. From the sidewalk, she observed one cone at the repair site, near the street, but she saw no warning signage or tape. According to Vonderhaar, her right foot slipped off the sidewalk, and she unintentionally landed in the bank-run gravel. Her right leg then slowly sank about three feet, pulling her body away from her left leg, which had remained on the sidewalk. Two rescue squads pulled her out of the filled-in area. As a result, Vonderhaar allegedly suffered injuries to her right leg, left knee, lower back, and heart.

{¶ 4} Vonderhaar brought a tort action against the city based on negligence and public nuisance. The city answered and raised several defenses, including

that the claims were barred by the applicable provisions of R.C. Chapter 2744, Ohio's Political Subdivision Tort Liability Act.

{¶ 5} Later, the city moved for summary judgment on the sole ground that the filled-in hole was an open and obvious danger that Vonderhaar was aware of and therefore the city owed her no duty of care. In support of its motion, the city cited Vonderhaar's deposition testimony in which she stated that before her fall, she had believed the filled-in hole to be potentially dangerous. The city failed to file Vonderhaar's deposition with the court at that time.

{¶ 6} In response to the city's motion, Vonderhaar relied on her own affidavit in which she stated that she had not appreciated any danger and an errata sheet in which she had changed her deposition testimony to indicate that she had not appreciated any danger. She also filed the depositions of three Greater Cincinnati Water Works employees, including an employee who confirmed that the water works had dug a four-foot by five-foot hole in an area in front of Vonderhaar's residence to repair a water main and that its work crew had backfilled the excavation with bank-run gravel.

{¶ 7} The trial court granted summary judgment for the city. This court reversed the entry of summary judgment on the narrow ground that because Vonderhaar's deposition had not been filed, the trial court could not have had before it evidentiary materials to support the motion in accordance with Civ.R. 56. We remanded the case for further proceedings.

{¶ 8} On remand, and after Vonderhaar's deposition had been filed, the city renewed its motion for summary judgment. Vonderhaar asked for and was granted leave to amend her response to the city's renewed motion. Vonderhaar filed the affidavit of David E. Gerner, a real estate lawyer. Gerner averred that based on his examination of the property's title, the city of Cheviot or Vonderhaar, and not the city of Cincinnati or its water works, owned the strip of land where Vonderhaar had been injured.

{¶ 9} Based on Gerner's affidavit, Vonderhaar argued that summary judgment was not appropriate for the additional reason that the open-and-obvious-danger doctrine negated the duty only of property owners and lessees for property defects. According to Vonderhaar, Gerner's affidavit demonstrated that Cincinnati was not an owner or occupier of the repair site and therefore, the Greater Cincinnati Water Works was an "independent contractor" when it had allegedly been negligent and created a public nuisance. Vonderhaar concluded that the open-and-obvious-danger doctrine could not bar her claims as a matter of law and that the principles of comparative negligence should apply.

{¶ 10} In addition, Vonderhaar argued that summary judgment was not appropriate on her negligence claim, because (1) the city had owed her a duty

under R.C. 723.01 to keep the public grounds of the municipality safe and (2) the Greater Cincinnati Water Works, as a political subdivision, owed her a duty under R.C. 2744.02(B)(2) and 2744.01(G)(2)(c) to perform without negligence its proprietary function of establishing, maintaining, and operating a utility, including a municipal corporation's water-supply system. She claimed a genuine issue of material fact remained as to whether the city had breached these duties.

{¶ 11} Finally, Vonderhaar noted that the city had not specifically addressed the public-nuisance claim in its motion for summary judgment.

{¶ 12} The trial court again entered summary judgment for the city without explaining the grounds for its decision. In a single assignment of error, Vonderhaar now argues that the trial court erred in granting summary judgment to the city.

{¶ 13} Vonderhaar's first argument relies on the law-of-the-case doctrine. Generally, under this doctrine, the decision of a reviewing court in an action remains the law of that case on the legal questions involved for all subsequent proceedings in the case.[1] More specifically, as noted by the Ohio Supreme Court in *Nolan v. Nolan*,[2] "where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law."[3] But the law-of-the-case doctrine is inapplicable when the subsequent proceedings involve different evidence or different legal issues.[4]

{¶ 14} To support her argument that the law-of-the-case doctrine applied in this case, Vonderhaar presumes that the second entry of summary judgment was based on the same evidence and the same legal issue. But she is incorrect. This court reversed the first entry of summary judgment because the city, as the moving party, had failed to properly submit Vonderhaar's deposition transcript in support of it motion for summary judgment. This court did not consider the contents of Vonderhaar's deposition or determine the applicability of the open-and-obvious-danger doctrine. Because the proceedings on remand involved an expanded record that differed from the one involved in the earlier proceedings, the law-of-the-case doctrine was inapplicable.

---

1. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 462 N.E.2d 410.

2. Id.

3. Id.

4. *Johnson v. Morris* (1995), 108 Ohio App.3d 343, 349, 670 N.E.2d 1023, citing *Stemen v. Shibley* (1982), 11 Ohio App.3d 263, 266, 11 OBR 441, 465 N.E.2d 460.

{¶ 15} We now address Vonderhaar's remaining arguments concerning the impropriety of summary judgment. The Ohio Supreme Court set out the standard for considering summary-judgment motions under these circumstances in *Dresher v. Burt*.[5] The *Dresher* court stated the following:

{¶ 16} "[W]e hold that a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." [6]

{¶ 17} Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists, and if, with the evidence construed most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, applying the standard set forth in Civ.R. 56.[7]

{¶ 18} Vonderhaar claimed liability against the city based on negligence and nuisance. To determine whether a genuine issue of material fact remains to be litigated, we must turn our attention to the substantive law of these claims.

## Negligence

{¶ 19} The elements of negligence are a duty, a breach of that duty, and injury resulting proximately therefrom.[8] In determining the duty that applied in

---

5. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

6. (Emphasis sic.) Id. at 293, 662 N.E.2d 264.

7. See *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8; *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

8. *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

this case, we note that the record establishes that the excavated area was not located within the municipal corporation of Cincinnati. Thus, R.C. 723.01 and any duties therein did not apply in this case.[9]  Rather, Vonderhaar's negligence claim against the city involved the application of R.C. 2744.02(B)(2) and 2744.01(G)(2)(c).

{¶ 20} R.C. 2744.02(B)(2) provides potential liability against a political subdivision for "injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."  R.C. 2744.01(G)(2)(c) states that a "proprietary function" encompasses "[t]he establishment, maintenance, and operation of a utility, including, but not limited to, * * * a municipal corporation water supply system."

{¶ 21} Vonderhaar proceeded in the trial court on the theory that the city, acting through the Greater Cincinnati Water Works, was her water-service utility provider and that it was negligent in carrying out this proprietary function when she was injured.  The duty of a political subdivision in the exercise of a proprietary function is no different than that of a private person under the same circumstances.[10]

{¶ 22} Although Vonderhaar stated that she had not intentionally stepped onto the filled-in hole, the city argued in its motion for summary judgment that the condition of the allegedly hazardous filled-in hole was open and obvious, and that this obviated any duty of care that it owed to Vonderhaar.

{¶ 23} Under Ohio law, the open-and-obvious-danger doctrine has a different application when invoked by a landowner or one with an interest in land than it does when invoked by nonlandowners or those persons who conduct activity on land with the consent of the landowner.

{¶ 24} The Ohio Supreme Court explained the open-and-obvious-danger doctrine in *Simmers v. Bentley Constr. Co.*[11]  The court noted that "[t]he rule relieving a defendant from liability for harm resulting from 'open and obvious' hazards is a legal doctrine that has developed in suits against property owners by a person injured when he comes on the property.  The 'open and obvious' doctrine states that an owner or occupier of property owes no duty to warn invitees entering the property of open and obvious dangers on the property. * * * The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning.  Thus, the owner or occupier may

**9.**  See *Burger v. Cleveland*, 8th Dist. No. 88193, 2007-Ohio-1456, 2007 WL 926378, ¶ 21.

**10.**  See *Moore v. Streetsboro*, 11th Dist. No. 2008–P–0017, 2009-Ohio-6511, 2009 WL 4756421.

**11.**  *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 597 N.E.2d 504.

reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." [12]

{¶ 25} Importantly, the *Simmers* court held that the open-and-obvious-doctrine does not "extend * * * to persons who conduct activity with the consent of the landowner but who themselves have no property interest in the premises." [13] For these so-called "independent contractors," the question of whether the hazard was an open-and-obvious danger would become relevant in a comparative negligence analysis. [14]

{¶ 26} Thus, before a party can claim the full benefit of the open-and-obvious-danger doctrine as a complete defense, the record must demonstrate that the party was an owner or occupier of the premises where the allegedly hazardous condition was located. [15]

{¶ 27} Vonderhaar maintains that the city failed to demonstrate the absence of a genuine issue of material fact as to the city's status as an owner or occupier, and we agree. We hold that the city failed to identify the portions of the record that demonstrated the absence of a genuine issue of material fact on this issue. Thus, the city failed to meet its initial burden under Civ.R. 56, and the trial court erred by granting summary judgment to the city on Vonderhaar's negligence claim.

{¶ 28} Because genuine issues of material fact remain as to whether the city was an owner or occupier such that it may assert the open-and-obvious-danger doctrine as a complete defense, we decline to review whether the evidence submitted was actually sufficient to establish the absence of a genuine issue of material fact on whether the allegedly dangerous condition was open and obvious.

## Public–Nuisance Claim

{¶ 29} Vonderhaar's second claim against the city alleged that the city, by breach of its statutory duties, had created a nuisance in the excavated area and that the nuisance, because of its proximity to her house, constituted an unreasonable danger to her health and safety and had proximately caused her injuries.

{¶ 30} Vonderhaar contends that the city failed to cite evidence in the record to refute her claim and thus the city did not properly support its motion for

12. Id. at 644, 597 N.E.2d 504.

13. Id. at 645, 597 N.E.2d 504.

14. Id. at 645–646, 597 N.E.2d 504.

15. See id. at 645, 597 N.E.2d 504.

summary judgment. Notwithstanding Vonderhaar's argument, we conclude that the entry of summary judgment on this claim was proper.

{¶ 31} As a threshold matter, the tort liability of the city as a political subdivision was limited by R.C. 2744.02,[16] and that statute no longer imposes liability against a political subdivision for "nuisance."[17] Thus, due to the absence of a statutory basis for liability, the trial court was correct in granting summary judgment to the city on this claim.

{¶ 32} Accordingly, we reverse the trial court's entry of summary judgment for the city on Vonderhaar's negligence claim, affirm the trial court's entry of summary judgment in favor of the city on Vonderhaar's nuisance claim, and remand this case for further proceedings on the negligence claim consistent with this decision.

Judgment accordingly.

HENDON and MALLORY, JJ., concur.

---

16. See, generally, *Bucey v. Cincinnati Pub. Schools,* 1st Dist. No. C–090252, 2010-Ohio-2262, 2010 WL 2018376, ¶ 26–27.

17. See R.C. 2744.02(B)(3) (amended in part by Am.Sub.S.B. No. 106, 149 Ohio Laws, Part II, 3500, 3506–3508, eff. Apr. 2003, and replacing the phrase "free from nuisance" with "other negligent failure to remove obstructions"); see also R.C. 723.01 (amended in part by Am.Sub.S.B. No. 106, 149 Ohio Laws, Part II, 3500, 3501–3506, eff. Apr. 2003, and deleting the phrase "the municipal corporation shall cause [the public grounds] to be kept open, in repair, and free from nuisance" and adding the phrase "[t]he liability or immunity from liability of a municipal corporation for injury * * * allegedly caused by a failure to perform the responsibilities imposed by this section shall be determined pursuant to divisions (A) and (B)(3) of section 2744.02 of the Revised Code").