[Cite as *Parker v. Red Roof Inn*, 2016-Ohio-3147.]

STATE OF OHIO　　　　　)　　　　　　IN THE COURT OF APPEALS
　　　　　　　　　　　　　)ss:　　　　　NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT　　　　)

DONALD KEVIN PARKER　　　　　　　　　C.A. No.　　　27894

　　　　Appellant

　　　　v.　　　　　　　　　　　　　　　APPEAL FROM JUDGMENT
　　　　　　　　　　　　　　　　　　　　ENTERED IN THE
RED ROOF INN, et al.　　　　　　　　　　COURT OF COMMON PLEAS
　　　　　　　　　　　　　　　　　　　　COUNTY OF SUMMIT, OHIO
　　　　Appellees　　　　　　　　　　　　CASE No.　　CV 2014-07-3234

DECISION AND JOURNAL ENTRY

Dated: May 25, 2016

SCHAFER, Judge.

{¶1}　Plaintiff-Appellant, Donald Parker, appeals the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees, Red Roof Inn Akron, Red Roof Inn and FMW RRI II LLC (collectively, "Appellees") on his negligence claim. For the reasons that follow, we reverse the trial court's judgment and remand the matter for further proceedings.

I.

{¶2}　In July 2012, Mr. Parker rented a hotel room at a Red Roof Inn in Akron, Ohio that is operated by Appellees. He arrived at the hotel during the daytime when there were no adverse weather conditions. After registering at the front desk, Mr. Parker drove his pickup truck to the portion of the hotel's parking lot that was closest to his room. Mr. Parker then backed his pickup truck into a parking space at the rear of the hotel's parking lot, which led to a concrete retaining wall that separated the parking lot from a steep embankment. The steep

embankment led to another business's parking lot, which was approximately 12 to 13 feet lower in elevation than the hotel's parking lot.

{¶3}   Each parking space, including Mr. Parker's, had a parking bumper that demarcated the end of the space.  There was a cement curb a short distance from the parking bumper.  A short section of additional pavement and a section of loose stones were behind the cement curb before the top of the retaining wall.  Although there were 25-inch-tall wood posts intermittently present along the top of the retaining wall, there were neither railings connecting the posts nor warning signs regarding the embankment.[1]

{¶4}   After parking his truck, Mr. Parker walked to his room, but a housekeeper informed him that it was not ready so he went back to the parking lot.  Upon reaching his truck, Mr. Parker first plugged his cell phone into a charger in the cabin before walking the length of the truck's side while reaching into the truck bed to adjust the tools and plywood that he stored there.  Mr. Parker indicated that after stepping over the curb and once he reached the truck's tailgate, "the ground came out from under me." Mr. Parker then rolled down the embankment and sustained injuries that required medical attention.

{¶5}   Mr. Parker filed a complaint asserting a negligence claim against Appellees. Appellees responded that the embankment was an open and obvious danger that precluded Mr. Parker from recovering for his injuries.  Appellees subsequently moved for summary judgment on the basis of the open and obvious doctrine.  Mr. Parker countered by arguing that there was a question of fact as to whether the presence of attendant circumstances, namely his actions of reaching into the truck bed and viewing the truck bed's contents, obviated the applicability of the

---

[1] It is unclear how many posts were present on the day of the incident.  At his deposition, Parker acknowledged that there were some posts at the top of the retaining wall on the day of the incident, but he did not state an exact amount.

open and obvious doctrine. The trial court granted Appellees' motion for summary judgment, finding, as a matter of law, that the embankment was visible and there were no attendant circumstances present that precluded the application of the open and obvious doctrine.

{¶6} Mr. Parker filed this timely appeal, which presents one assignment of error for our review.

II.

**Assignment of Error**

**The trial judge erred, as a matter of law, by granting summary judgment against Plaintiff-Appellant upon his premises liability claim.**

{¶7} In his sole assignment of error, Mr. Parker argues that the trial court erred in granting summary judgment to Appellees. We agree on the basis that, based on the record before us, Appellees did not meet their burden to establish their entitlement to summary judgment.

**A. Standard of Review**

{¶8} We review a trial court's award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the evidence "most strongly in favor" of the non-moving party, *id.*, and resolve all doubts in its favor, *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶9} Summary judgment proceedings create a burden-shifting paradigm. To prevail on a motion for summary judgment, the movant has the initial burden to identify the portions of the record demonstrating the lack of a genuine issue of material fact and the movant's entitlement to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 283 (1996). In satisfying this

initial burden, the movant need not offer affirmative evidence, but it must identify those portions of the record that support her argument. *Id.* Once the movant overcomes the initial burden, the non-moving party is precluded from merely resting upon the allegations contained in the pleadings to establish a genuine issue of material fact. Civ.R. 56(E). Instead, it has the reciprocal burden of responding and setting forth specific facts that demonstrate the existence of a "genuine triable issue." *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

## B. The Open and Obvious Doctrine

{¶10} To obtain relief in a negligence action, the plaintiff "must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty." *Mondi v. Stan Hywet Hall & Gardens, Inc.*, 9th Dist. Summit No. 25059, 2010-Ohio-2740, ¶ 11. In premises liability cases, "[i]t is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68 (1986). However, "[a] shopkeeper is not * * * an insurer of the customer's safety," *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985), and when "a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises," *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus; *see also Andamasaris v. Annunciation Greek Orthodox Church*, 9th Dist. Summit No. 22191, 2005-Ohio-475, ¶ 14 ("An owner is under no duty to protect its customers from dangers * * * otherwise so obvious and apparent that a customer should reasonably be expected to discover them and protect herself from them."). As a result, the presence of an open and obvious danger "acts as a complete bar to any negligence claims." *Armstrong* at ¶ 5. The reasoning for such a complete bar "is that the open and obvious nature of the hazard itself serves as a warning [and the owner] may reasonably expect that persons entering the premises will discover [the hazard] and take

appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992).

{¶11} "Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection." *Zambo v. Tom-Car Foods*, 9th Dist. Lorain No. 09CA009619, 2010-Ohio-474, ¶ 8. To decide whether a hazard is open and obvious, we must resolve "'the determinative issue [of] whether the [hazardous] condition is observable.'" *Baker v. Bob Evans Farms, Inc.*, 9th Dist. Wayne No. 13CA0023, 2014-Ohio-2850, ¶ 11, quoting *Kirksey v. Summit Cty. Parking Deck*, 9th Dist. Summit No. 22755, 2005-Ohio-6742, ¶ 11. Our inquiry on this point is an objective one and the fact that a plaintiff was unaware of the hazard is not dispositive. *Goode v. Mt. Gillion Baptist Church*, 8th Dist. Cuyahoga No. 87876, 2006-Ohio-6936, ¶ 25. Additionally, to resolve this issue, we "must look to the totality of the circumstances, considering 'both the nature of the dangerous condition and any attendant circumstances that may have existed at the time of the injury.'" *Baker* at ¶ 11, quoting *Gehm v. Tri-Cty., Inc.*, 9th Dist. Lorain No. 09CA009693, 2010-Ohio-1080, ¶ 8; *see also Gardner v. Kinstlinger*, 9th Dist. Summit No. 26374, 2012-Ohio-5486, ¶ 11 (noting that "[t]he existence of attendant circumstances does not create an exception to the open and obvious doctrine" but are rather "considered as part of the totality of the circumstances in determining whether a genuine issue of material fact exists regarding whether a reasonable person would have discovered the hazard"). Although the courts have not developed a "precise definition of attendant circumstances," *Jenks v. Barberton*, 9th Dist. Summit No. 22300, 2005-Ohio-995, ¶ 16, the phrase encompasses "'all facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event.'" *Marock v. Barberton Liedertafel*, 9th Dist. Summit No. 23111, 2006-Ohio-5423, ¶ 13, quoting

*Hudspath v. The Cafaro Co.*, 11th Dist. Ashtabula No. 2004-A-0073, 2005-Ohio-6911, ¶ 19. With these principles in mind, we turn to the nature of the hazard presented by the embankment in this matter.

### C. The Record Does Not Contain Evidence of the Embankment's Purportedly Open and Obvious Nature

{¶12} In support of their motion for summary judgment, Appellees relied on the transcript of Mr. Parker's deposition. Although the transcript reflects that Mr. Parker was presented with photographs of the embankment, Appellees failed to submit any of those pictures into the record to discharge their initial *Dresher* burden below. Moreover, during the course of the deposition, Mr. Parker was asked whether anything obstructed his view of the embankment; he was never asked whether he could have appreciated the danger of the embankment had he looked. Given the absence of any photographs or other demonstrative evidence of the embankment submitted in support of Appellees' motion, or any deposition testimony from Mr. Parker regarding his ability to appreciate the danger of the embankment, Appellees failed to present evidence to establish their entitlement to summary judgment on the issue of whether the danger presented by the embankment was open and obvious. Consequently, after a review of the record in its current status, we cannot conclude that Appellees have carried their initial *Dresher* burden to establish the applicability of the open and obvious doctrine. *See Harper v. Chaney*, 9th Dist. Summit No. 26534, 2013-Ohio-1160, ¶ 14-16 (concluding that the defendant failed to establish initial *Dresher* burden in negligence action where he "did not present *any* evidence with regard to whether the step was visible").

{¶13} Accordingly, we sustain Mr. Parker's sole assignment of error.

7

III.

**{¶14}** Having sustained Mr. Parker's sole assignment of error, we reverse the judgment of the Summit County Court of Common Pleas and remand this matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

W. CRAIG BASHEIN and THOMAS J. SHEEHAN, Attorneys at Law, for Appellant.

PAUL W. FLOWERS and JUSTIN D. CARE, Attorneys at Law, for Appellant.

JOHN V. RASMUSSEN, Attorney at Law, for Appellees.