[Cite as *Eschmann v. RLA Invests., Inc.*, 2016-Ohio-3331.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| FLORENCE AND EDWARD ESCHMANN, | : | APPEAL NO. C-150576<br>TRIAL NO. A-1405210 |
| | : | |
| Plaintiffs-Appellants, | | |
| | : | *O P I N I O N.* |
| vs. | : | |
| RLA INVESTMENTS, INC., | : | |
| Defendant-Appellee, | : | |
| and | : | |
| DUKE ENERGY OHIO, INC., et al. | : | |
| Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed from is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 10, 2016

*Gary F. Franke,* for Plaintiffs-Appellants,

*Freund, Freeze & Arnold* and *Timothy B. Spille*, for Defendant-Appellee.

**CUNNINGHAM, Presiding Judge.**

{¶1} Plaintiffs-appellants Florence and Edward Eschmann appeal the Hamilton County Common Pleas Court's entry of summary judgment for defendant-appellee RLA Investments, Inc., ("RLA"). RLA moved for summary judgment claiming that under the open-and-obvious doctrine, it had owed no legal duty to Florence with respect to a hazardous condition that it had created on her property. Because the open-and-obvious doctrine defense extends only to those who have a property interest in the premises, and the record does not demonstrates that RLA had the requisite property interest in the premises to employ the defense, the trial court erred by granting summary judgment to RLA.

## I. Background Facts and Procedure

{¶2} Florence injured her left foot on a metal plate installed on her driveway by RLA when it was completing utility gas line work on her street for Duke Energy, the public utility provider. She subsequently filed a complaint seeking to recover for negligence against RLA, Duke Energy Ohio, Inc.,[1] Buckeye Utility Services, Inc.,[2] and John Does 1 through 3. Florence's husband Edward sought loss of consortium damages.

{¶3} Duke Energy Ohio and Buckeye Utility Services were dismissed without prejudice. RLA moved for summary judgment on the negligence and derivative-loss-of-consortium claims on the ground that it owed no duty to Florence because the hazardous condition that caused Florence's injury was "open and obvious" as defined in premises liability case law. *See Armstrong v. Best Buy*, 99

---

[1] This defendant was improperly named in the complaint as Duke Energy Business Services, LLC, d.b.a Duke Energy Corporation.
[2] This defendant was improperly named in the complaint as Buckeye Utility Services d.b.a. RLA.

Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13. RLA presented Florence's deposition in support, which showed that the steel plate had been on her property for about a month and that she knew that it was slippery when wet. The trial court granted summary judgment to RLA and certified in its judgment entry that there was no just cause for delay. The Eschmanns now appeal, challenging the grant of summary judgment in their sole assignment of error.

## II. Analysis

{¶4} We review the grant of summary judgment de novo, applying the standards set forth in Civ.R. 56. *See Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8; *Vonderhaar v. City of Cincinnati*, 191 Ohio App.3d 229, 2010-Ohio-6289, 945 N.E.2d 603, ¶ 17 (1st Dist.). To prove negligence, a party must first show that a duty was owed to her. *See, e.g., Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, 909 N.E.2d 120. Here, RLA claimed that it owed no duty to Florence based on the open-and-obvious doctrine.

{¶5} The open-and-obvious doctrine negates the duty of "an owner or occupier of property * * * to warn invitees entering the property of open and obvious dangers on the property." (Internal citations omitted.) *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992), quoted in *Vonderhaar* at ¶ 24. The open-and-obvious doctrine arose out of premises liability law and extends only to those with the requisite property interest in the premises. *Id.* at 645. For other defendants, such as independent contractors, ordinary negligence principles apply, including a comparative-negligence analysis, if appropriate. *Id.* at 645-646.

{¶6} Although RLA moved for summary judgment based on the open-and-obvious doctrine, it failed to demonstrate that it had the requisite property interest in the premises necessary to gain the benefit of the doctrine. In fact, the record

demonstrates only that Florence owned the premises where she was injured and that RLA was an independent contractor working for Duke Energy Ohio. Thus, RLA cannot assert the "open-and-obvious doctrine" as a complete defense to liability. *See Simmers*; *Vonderhaar*.

{¶7}    Because RLA failed meet its burden under Civ.R. 56 to establish that it was entitled to judgment as a matter of law, the trial court erred by granting summary judgment in its favor. Accordingly, we sustain the assignment of error.

### III. Conclusion

{¶8}    We reverse the trial court's entry of summary judgment for RLA on the Eschmanns' negligence and loss-of-consortium claims, and we remand this cause for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**DEWINE** and **MOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.