[Cite as *Parker v. Red Roof Inn*, 2017-Ohio-7595.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

DONALD KEVIN PARKER

     Appellant

     v.

RED ROOF INN, et al.

     Appellees

C.A. No.     28489

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014-07-3234

DECISION AND JOURNAL ENTRY

Dated: September 13, 2017

CARR, Presiding Judge.

{¶1} Plaintiff-Appellant Donald Kevin Parker appeals from the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Defendant-Appellees Red Roof Inn, Red Roof Inn Akron, and FMW RRI II LLC (collectively "Red Roof Inn"). This Court reverses.

I.

{¶2} On July 13, 2012, around 1:30 p.m., Parker checked in to a Red Roof Inn hotel. After doing so, he backed his pick-up truck into a parking spot along the back edge of the property because the spaces adjacent to his room were reserved for handicapped parking. The rear portion of the parking spaces was marked with a parking bumper. Beyond the bumper was an additional short curb, followed by a narrow paved area, followed by a small section containing loose stones. Taller vertical posts were located within the section containing the stones; however, nothing connected the posts to each other. Beyond the stones was the top of a

retaining wall, marking the beginning of a steep embankment which ultimately led to a retail parking lot located several feet below the level of the hotel. No railing or fence marked the beginning of the embankment.

{¶3} After parking, Parker went to his room. However, as housekeeping was finishing up in his room, Parker returned to his truck. He plugged his phone in and then walked along the driver's side of his vehicle to the bed of the truck to examine his inventory of tools. As he maneuvered around the rear of the truck, "the ground came out from under [him], and [he] went crashing to the ground and rolled down the hill and came to the parking lot down below[.]" Upon getting to his feet, Parker's wrist "was on fire" and he noticed it was disjointed. Parker made his way back up the hill and an ambulance was called.

{¶4} In July 2014, Parker filed a complaint sounding in negligence against Red Roof Inn, Kohl's, Kohl's Corporation, Kohl's Department Stores Inc., and Kohl's Illinois, Inc. seeking damages for the injuries he suffered as a result of the fall. Red Roof Inn, in its answer, maintained that the hazard was open and obvious. Following the entry of joint stipulations, which provided that Kohl's Department Stores did not own and was not responsible for maintaining the retaining wall and barrier at the edge of the parking lot owned by Red Roof Inn, Parker voluntarily dismissed the Kohl's entities, aside from Kohl's Illinois, Inc., from the suit.

{¶5} Red Roof Inn thereafter filed a motion for summary judgment arguing that the embankment was an open and obvious condition, and, thus, Red Roof Inn had no duty to warn Parker about the embankment. Red Roof Inn's argument relied upon Parker's deposition and photographs that were said to accompany the deposition. Parker opposed the motion and submitted an expert report in support. Ultimately, the trial court granted summary judgment in favor of Red Roof Inn. The trial court concluded that the hazard was open and obvious and that

any violations of building codes or attendant circumstances would not negate application of the doctrine.

{¶6}  Parker appealed the decision, and this Court reversed the trial court's judgment. *Parker v. Red Roof Inn,* 9th Dist. Summit No. 27894, 2016-Ohio-3147, ¶ 1.  In so doing, we noted that:

> In support of [its] motion for summary judgment, [Red Roof Inn] relied on the transcript of [] Parker's deposition. Although the transcript reflects that [] Parker was presented with photographs of the embankment, [Red Roof Inn] failed to submit any of those pictures into the record to discharge their initial *Dresher* burden below.  Moreover, during the course of the deposition, [] Parker was asked whether anything obstructed his view of the embankment; he was never asked whether he could have appreciated the danger of the embankment had he looked. Given the absence of any photographs or other demonstrative evidence of the embankment submitted in support of [Red Roof Inn's] motion, or any deposition testimony from [] Parker regarding his ability to appreciate the danger of the embankment, [Red Roof Inn] failed to present evidence to establish [its] entitlement to summary judgment on the issue of whether the danger presented by the embankment was open and obvious.  Consequently, after a review of the record in its current status, we cannot conclude that [Red Roof Inn] ha[s] carried [its] initial *Dresher* burden to establish the applicability of the open and obvious doctrine.

*Id.* at ¶ 12.

{¶7}  Upon remand, Red Roof Inn re-filed the deposition, this time including the missing photographs.  Red Roof Inn then submitted, what appears to be, a re-filing of its original motion for summary judgment.  Parker opposed the motion, arguing that law of the case prevented the trial court from considering the motion, and that, even if the merits were considered, the photographs did not support the conclusion that the hazard was open and obvious.  Following briefing, the trial court again concluded that the hazard was open and obvious and granted summary judgment in favor of Red Roof Inn.

{¶8}  Parker has appealed, raising a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL JUDGE ERRED, AS A MATTER OF LAW, BY GRANTING SUMMARY JUDGMENT AGAINST PLAINTIFF-APPELLANT UPON HIS PREMISES LIABILITY CLAIM[.]

{¶9}  In his sole assignment of error, Parker argues that the trial court erred in granting summary judgment to Red Roof Inn.  Specifically, he maintains that law of the case prevented the trial court from granting summary judgment in favor of Red Roof Inn, and that, even if law of the case did not apply, genuine issues of material fact remained that prevented the award of summary judgment.

{¶10}  This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.  *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶11}  Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc*., 50 Ohio St.2d 317, 327 (1977).

{¶12}  The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id*.  Once a moving party satisfies its burden of

supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶13} "[I]n order to prevail on a claim of negligence, [the plaintiff] must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of duty." *Mondi v. Stan Hywet Hall & Gardens, Inc.*, 9th Dist. Summit No. 25059, 2010-Ohio-2740, ¶ 11. In premises liability cases, "'[i]t is the duty of the owner of the premises to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition.'" *Id.* at ¶ 12, quoting *Light v. Ohio Univ.*, 28 Ohio St3d. 66, 68 (1986). Yet, "[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, syllabus. When applicable, the doctrine "obviates the duty to warn and acts as a complete bar to any negligence claims." *Id.* at ¶ 5. When a hazard is open and obvious, a property owner is relieved of liability because "the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." *Id.* at ¶ 13.

> Open and obvious dangers are not hidden, are not concealed from view, and are discoverable upon ordinary inspection. The determinative issue is whether the condition is observable. When considering whether a danger is observable, a court must look to the totality of the circumstances, considering both the nature of the dangerous condition and any attendant circumstances that may have existed at the time of the injury. Attendant circumstances include any distraction that would come to the attention of a [person] in the same circumstances and reduce the degree of care an ordinary person would exercise at the time.

(Internal quotations and citations omitted.) *Baker v. Bob Evans Farms, Inc.*, 9th Dist. Wayne No. 13CA0023, 2014-Ohio-2850, ¶ 11. The phrase attendant circumstances encompasses "all

facts relating to a situation such as time, place, surroundings, and other conditions that would unreasonably increase the typical risk of a harmful result of an event." (Internal quotations and citation omitted.) *Fletcher v. Wal-Mart Stores, Inc.*, 9th Dist. Lorain No. 16CA010938, 2017-Ohio-1215, ¶ 10. Thus, we examine whether a reasonable person in Parker's situation would have discovered the hazard. *See Baker* at ¶ 11.

**{¶14}** First, Parker argues that the doctrine of law of the case precluded the introduction of new evidence and arguments. Parker maintains that this Court's decision in the first appeal was "conclusive throughout the remainder of this litigation." Under the circumstances of this case, we do not agree that the law of the case precluded the trial court from considering the motion for summary judgment.

**{¶15}** "[T]he doctrine of the law of the case * * * establishes that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." (Internal quotations and citations omitted.) *Thomas v. Thomas,* 9th Dist. Summit No. 19828, 2000 WL 1729458, *2 (Nov. 22, 2000). Thus, "'[a]n inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.'" *Id.,* quoting *Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus. Therefore, "where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate court's determination of the applicable law." (Internal quotations and citation omitted.) *Thomas* at *2. Nonetheless, "[t]he doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Nolan* at 3. "However, the rule is necessary to ensure consistency of

results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.*

{¶16} We conclude that the doctrine is inapplicable to the facts before us. On the first appeal, we did not address whether the open and obvious doctrine barred Parker's recovery; instead, we concluded that Red Roof Inn failed to meet its summary judgment burden based upon the evidence it submitted. *See Parker*, 2016-Ohio-3147, at ¶ 12. Upon remand, Red Roof Inn re-submitted the deposition transcript but also included the missing photographs and only then sought summary judgment. Thus, the trial court had before it additional evidence in support of Red Roof Inn's motion. *See Thomas* at *2. Accordingly, we cannot conclude that the law of the case doctrine applied given the circumstances of this case. *See id.*; *see also Vonderhaar v. Cincinnati*, 191 Ohio App.3d 229, 2010-Ohio-6289, ¶ 14 (1st. Dist.).

{¶17} Parker also argues that, even if this Court were to address the merits, Red Roof Inn still failed to demonstrate the absence of a genuine issue of material fact with respect to whether the hazard was open and obvious. Additionally, Parker contends that the uncontested building code and regulatory violations establish actionable negligence, and the trial court erred in concluding that the existence of such violations did not obviate the applicability of the open and obvious doctrine. However, as we conclude that an issue of fact remains with respect to whether the hazard was open and obvious, it is unnecessary for us to reach the latter issue.[1]

{¶18} In our disposition of the prior appeal, we concluded that Parker's deposition alone did not establish Red Roof Inn's entitlement to summary judgment on the issue of whether the danger was open and obvious. *Parker*, 2016-Ohio-3147, at ¶ 12. On remand, Red Roof Inn

---

[1] Further, Parker did not raise the issue of the regulatory violations in his brief in opposition to Red Roof Inn's re-filed motion for summary judgment. Thus, the issue was not before the trial court and should not have been addressed.

submitted the deposition and accompanying photographs in support of its re-filed motion for summary judgment. Red Roof Inn maintained in its motion that deposition exhibits B1 through B5 illustrated the open and obvious nature of the embankment.

{¶19} In his deposition, Parker testified that when he arrived at the Red Roof Inn on July 13, 2012, around 1:30 p.m. it was "sunny and warm and clear." After checking in, Parker backed his pick-up truck into a parking spot along the back edge of the property. He indicated that there were other cars in the parking lot, but there were no vehicles directly to the right or left of his truck. Thereafter, Parker went to his room. However, as housekeeping was finishing up in his room, Parker returned to his truck. He plugged his phone in and then walked along the driver's side of his vehicle to the bed of the truck to examine his inventory of tools. As he maneuvered around the rear of the truck, "the ground came out from under [him], and [he] went crashing to the ground and rolled down the hill and came to the parking lot down below[.]"

{¶20} Parker testified that he did not remember stepping over the curb, standing in the loose gravel, or stepping on to the retaining wall. The last thing he remembered was "beginning to round [his] truck when [he] fell." He remembered thinking that he had to sweep a little wide to avoid hitting his shin on the hitch on the back of his pick-up but did not make it to the center of the rear of the truck prior to falling.

{¶21} Parker identified exhibits during his deposition, including exhibits B1 through B5, which were taken the day after the accident. Parker testified that Exhibit B3 was a photograph of his truck in the same position it was at the time of his fall. He averred that, as he was surveying the tools in his truck, there was nothing in the immediate vicinity obstructing his view of the end of the parking lot and the Kohl's parking lot down below. He also testified that "[t]here was no obstruction in [his] view of whatever [he] was looking at." Thus, he indicated

that nothing obstructed his vision of the curb, loose rock, the top of the retaining wall, or of the vegetation growing adjacent to the top of the wall. Parker's primary focus was on looking at what was in the back of his truck. Parker, however, was not asked whether he would have been able to appreciate the danger of the embankment.

{¶22} After viewing the photographs accompanying the deposition in a light most favorable to Parker, with particular focus on exhibits B1 through B5, which Red Roof Inn argues illustrate the open and obvious nature of the hazard and which were taken on the day after the accident, we still cannot conclude that Red Roof Inn has demonstrated the absence of a genuine issue of material fact with respect to whether the hazard was open and obvious. While it is true that the curb, loose stones, top of the retaining wall, and foliage are all visible in the photographs, it is not clear that a reasonable person in Parker's position would appreciate that a several foot drop was just beyond the retaining wall. A reasonable person could find that the photographs, taken at the level of the Red Roof Inn, fail to disclose the steep embankment leading to the parking lot several feet below. There is a significant amount of foliage and brush that conceals part of the embankment. To the extent that exhibit B2 could give a sense that there is a distance between the Kohl's parking lot and the hotel parking lot, because the cars in the Kohl's parking lot appear smaller, Parker testified that his truck was not parked in that area. Exhibit B3, which depicts Parker's truck in its parking space, depicts the side of the Kohl's building and a few parking spaces, but contains no other cars for reference. It is only the photographs taken from the level of the Kohl's parking lot, an angle that Parker would not have had, which definitively disclose the true nature of the hazardous condition. Accordingly, we conclude that Red Roof Inn did not establish the absence of a genuine issue of material fact with

respect to whether the hazard was open and obvious. Therefore, the trial court erred in granting summary judgment to Red Roof Inn.

{¶23} As we have already determined that a genuine issue of material fact remains with respect to whether the hazard was open and obvious, we need not address Parker's remaining arguments that the trial court erred in granting summary judgment.

{¶24} Parker's assignment of error is sustained to the extent discussed above.

III.

{¶25} Parker's assignment of error is sustained to the extent discussed above. The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

W. CRAIG BASHEIN and THOMAS J. SHEEHAN, Attorneys at Law, for Appellant.

PAUL W. FLOWERS, Attorney at Law, for Appellant.

JOHN V. RASMUSSEN, Attorney at Law, for Appellees.